# Van Storch *versus* Griffin.

1. An exemplification of the record of the state of New York was certified by the clerk, and J. W. G. " Justice of the Supreme Court ;" it appeared that there were other judges of the same court.   J. W. G. did not appear to be Chief Justice.   *Held*, not to be properly authenticated.

2. The record was of proceedings in divorce by the husband, in New York, on the ground of adultery ; the respondent at the time of marriage, of the proceedings, and of the decree, resided in Pennsylvania, and there was no actual service on her.   In an action by respondent against a person for breach of promise of marriage after a divorce in Pennsylvania on her own libel, *Held*, that the record was not evidence against her of adultery.

3. The decree in New York was that respondent should not marry again during the life of libellant ; the decree as to this had no extra-territorial effect.

4. The plaintiff having been divorced on her own libel in Pennsylvania,

[Van Storch v. Griffin.]

it was lawful for her to marry again, and her marriage would be treated as valid everywhere.

5. In an action for breach of promise of marriage, evidence that the general character of the plaintiff for chastity previously, was bad, is admissible in mitigation of damages.

March 14th 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Luzerne county :* No. 353, to January Term 1872.

This was an action on the case brought August 16th 1869, by Adelia Griffin against William Van Storch.

The plaintiff declared in assumpsit that she and the plaintiff had mutually agreed and promised that they would marry, and from the time of the promise the plaintiff had been ready to perform her promise, that the defendant although requested had not kept his promise, but had refused to marry the plaintiff. The plaintiff had been previously married to Frederick Hancock, from whom she had been divorced in Pennsylvania on her own libel.

The case was tried October 23d 1871, before Dana, J. The plaintiff gave evidence by herself and others, that in May 1869, defendant promised that he would marry her, and gave other evidence in corroboration.

She gave in evidence the records of proceedings in divorce in the Court of Common Pleas of Luzerne county, commenced August 29th 1868 by herself as Adelia Hancock, libellant, against Frederick Hancock, respondent, decree of divorce made February 1869 ; an appeal to the Supreme Court and decree affirmed April 30th 1870.

Defendant testified that he never had made a promise of marriage to plaintiff, and gave evidence in answer to the plaintiff's case ; also evidence assailing the character of plaintiff and witnesses for veracity,

He offered in mitigation of damages, evidence, that in 1869 the plaintiff's character for chastity was bad ; the offer was rejected and bills of exception sealed.

The defendant offered the record of proceedings in divorce in the Supreme Court in Kings county, New York, by Frederick Hancock against Adelia Hancock (plaintiff in this case). The libel was filed May 14th 1868 ; the ground upon which the divorce was asked was the adultery of the respondent ; no personal service had been made on defendant, but after affidavit of her residence in Providence, Luzerne county, Pennsylvania, the court ordered notice to be sent to her by mail at that place and also directed publication in certain newspapers to be made.

The record contained proof of the transmission of the notice to the respondent by mail and also of the publication ; also ex parte

depositions of facts tending to prove the adultery of respondent ; also report of referee that the facts charged were " true and had been proven before " him ; together with a decree September 21st 1868, as follows : " And it is further ordered and adjudged that the marriage between the said plaintiff, Frederick Hancock and the said defendant, Adelia Hancock, be dissolved accordingly, and the said parties are and each of them is freed from the obligations thereof, and further, that it shall be lawful for the said plaintiff, Frederick Hancock, to marry again in the same manner as though the defendant was actually dead, but it shall not be lawful for the said defendant to marry again until the said plaintiff shall be actually dead."

The exemplification of the record commenced : " Know ye, that we having inspected the files and records of our Supreme [L. S.] Court, at the City of Brooklyn in the county of Kings, do find a certain judgment roll remaining there on file of record in words and figures following, to wit : Supreme Court." * * *

Then followed all the various proceedings, some appearing to have been had, before A. B. Tappen, some before John N. Lott, some before Jasper W. Gilbert, severally Justices of the Supreme Court.

The authentication was as follows :

" All which we have caused by these presents to be exemplified and the seal of our said court for said county to be hereunto affixed.

" Witness Hon. Jasper W. Gilbert, justice of our Supreme Court, this 11th day of March 1870, and in the 94th year of the Independence of the United States.

JOHN J. WHITE, Clerk.

" I, Jasper W. Gilbert, justice of the Supreme Court of the state of New York, do hereby certify that John J. White, whose name is subscribed to the preceding exemplification, is the clerk of the county of Kings and clerk of the said Supreme Court, in and for said county, and that full faith and credit are due to his official acts.    And further, that the seal affixed to said exemplification is the proper seal of said court, for said county, and that the attestation thereof is in due form of law and by the proper officer.

" Witness my hand, at the city of Brooklyn, this 11th day of March, in the year 1870.

J. W. GILBERT."

The admission of the exemplification was objected to by the plaintiff, rejected by the court and a bill of exceptions sealed for the defendant.

The verdict was for the plaintiff for $4000.

The defendant removed the record to the Supreme Court and assigned for error the rejection of his offers of evidence.

[Van Storch v. Griffin.]

*G. W. Woodward*, (with whom was *J. Mahon*), for plaintiff in error.—The authentication of the New York record was sufficient: Clark v. Depew, 1 Casey 509.  Evidence of defendants' character was proper: Foulks v. Sibley, 3 Espinasse 236 ; Baddeley v. Mortlock, 1 Holt 151 ; Bench v. Merrick, 1 Car. & K. 463 ; Boynton v. Kellogg, 3 Mass. R. 189 ; 2 Parsons on Contracts, § 1.

*J. Handley* and *H. W. Palmer*, for defendant in error.—Judgment rendered without notice or appearance is not in the due course of law, and will not impose a personal liability: Trumble v. Long, 13 Ohio N. S. 431 ; Borden v. Fitch, 15 Johnson 121 ; Colvin v. Reed, 5 P. F. Smith 375 ; Reed v. Elder, 12 Id. 308 ; Commonwealth v. Blood, 97 Mass. 338 ; Rape v. Heaton, 9 Wisconsin 328 ; Smith v. Steel, 7 W. & S. 447.

Jurisdiction cannot be acquired or exercised over persons not domiciled within the state or subject to its laws, without actual service or an appearance: Smith v. Smith, 17 Ill. 482 ; Pollard v. Wegener, 13 Wisconsin 569 ; Pierce v. Hicock, 39 Vermont 292 ; Colvin v. Reed, 5 P. F. Smith 375 ; Reel v. Elder, 12 Id. 308.

The marriage was in Pennsylvania ; a decree under the laws of New York forbidding a future marriage was not binding : Medway v. Needham, 16 Mass. Rep. 158 ; Putnam v. Putnam, 8 Pick. 433 ; Stevenson v. Gray, 17 B. Monr. 193 ; Pousford v. Johnson, 2 Black 51 ; 1 Bishop on Marr. & D. 371, 392 ; Story's Confl. of Laws, sect. 89 ; 2 Kent's Com. 62 ; Baddeley v. Mortlock, 1 Holt 151 ; Leckey v. Bloser, 12 Harris 467.

In civil cases evidence of the general character of a party is admissible only when it is put in issue by the pleadings : Anderson v. Long, 10 S. & R. 55 ; Atkinson v. Graham, 5 Watts 411 ; Fowler v. Ætna Ins. Co., 6 Cowen 673 ; Potter v. Webb, 6 Greenl. 14 ; Humphrey v. Humphrey, 7 Conn. 116 ; Gough v. St. John, 16 Wend. 646 ; Ward v. Herndon, 5 Porter 352 ; Senets v. Plunket, 1 Strobhart 372 ; Thayer v. Boyle, 30 Maine 475 ; McKinney v. Rhoads, 5 Watts 343 ; Nash v. Gilkeson, 5 S. & R. 352 ; Porter v. Seiler, 11 Harris 424.

The opinion of the court was delivered, October 23d 1872, by

WILLIAMS, J.—The record of the divorce obtained by the plaintiff's husband in the Supreme Court in New York, offered in evidence by the defendant, was clearly inadmissible.  It was not certified as directed by the Act of Congress of the 26th of May 1790, nor was it proved as a foreign record by other evidence.  The act provides that the records and judicial proceedings of every state shall be proved or admitted in any other court of the United States, by the attestation of the clerk, and the seal of the court annexed,

[Van Storch *v.* Griffin.]

if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form.   Under these provisions it is held that the certificate must be given by *the judge*, if there be but one, or if there be more, then by the chief justice or presiding magistrate of the court from whence the record comes; and he must possess that character at the time he gives the certificate.   A certificate that he is the judge that presided at the trial, or that he is the senior judge of the courts of law in the state is insufficient: Lothrop *v.* Blake, 3 Barr 483; State of Ohio *v.* Hinchman, 3 Casey 483; 1 Greenl. Ev. § 506. The record offered by the defendant in this case does not purport to be certified by the chief justice or presiding magistrate, nor does it show that the justice, by whom the certificate was given, was the sole judge of the court.   On the contrary, the record shows that there were other justices of the court by whom the orders preliminary to the final decree were made.   There was then no error in rejecting the record on account of the insufficiency of the certificate.   But if it had been properly authenticated, it would not have been competent evidence to establish the alleged adultery of the plaintiff, or her incapacity to enter into a marriage contract with the defendant.   When the action for divorce was instituted the plaintiff was a resident of Pennsylvania, and the decree was obtained against her without service of process or actual notice of the institution and pendency of the proceedings. The decree that it shall not be lawful for her to marry again until her husband, from whom she was divorced, shall be actually dead, agreeably to the statute of New York, though it may be valid and binding on her in that state, can have no extra-territorial effect. She was as free to marry in this state as if no such decree had been made.   Besides, when the defendant made the alleged promise, the plaintiff had been divorced from her former husband by a decree of the court below which had been affirmed by this court; and by our laws she was as capable of entering into a new marriage contract as if she had always been sole.   As her maraiage with the defendant would have been valid here, it would be treated as valid everywhere: Phillips *v.* Gregg, 10 Watts 158; and therefore, it would be regarded as valid in New York, notwithstanding the decree, made in conformity with the statute of that state, forbidding her marriage during the lifetime of her former husband.   Even if the plaintiff and defendant had been residents of the state of New York, and had come into Pennsylvania and been married here, with the express purpose of evading the law of New York, and then had returned and continued to reside there, the marriage would have been recognised and treated as valid by the courts of that state: Story's Conflict of Laws, §§ 89, 123, 123 *a;* 2 Kent's Com. 91, 93; Medway *v.* Needham, 16 Mass. 157; West

[Van Storch *v.* Griffin.]

Cambridge *v.* Lexington, 1 Pick. 506 ; Putnam *v.* Putnam, 8 Id. 433 ; Haveland *v.* Halstead, 34 New York (7 Tiffany) 643.

But there was error in rejecting the defendant's offer to prove that the general character of the plaintiff for chastity in 1869, and previous to that time, was bad. The evidence was not offered in bar of the action, but in mitigation of the damages. As the contract of marriage is founded in mutual confidence and affection, and necessarily involves the character of the parties for chastity, it would seem to follow that in an action for its breach the plaintiff's character in this respect must necessarily be put in issue. But if the law be otherwise, as was said in Leckey *v.* Bloser, 12 Harris 401, the evidence was clearly admissible in mitigation of damages, as the authorities abundantly show : 1 Greenl. Evid., § 54 ; Sedgw. on Damages 388 ; Foulkes *v.* Sellway, 3 Esp. 236 ; Baddeley *v.* Mortlock, 1 Holt 151 ; Irving *v.* Greenwood, 1 C. & P. 350 ; Bench *v.* Merrick, 1 C. & K. 463 ; Boynton *v.* Kellogg, 3 Mass. 189 ; Johnston *v.* Caulkins, 1 Johns. Cases 116 ; Willard *v.* Stone, 7 Cowen 22 ; Palmer *v.* Andrews, 7 Wend. 142 ; Kniffer *v.* McConnell, 30 New York (3 Tiffany) 285 ; Burnett *v.* Simpkins, 24 Ill. 264. The ground on which the evidence is received, as said in Johnston *v.* Caulkins, is, that the action is brought not only to recover compensation for the immediate injury occasioned by the breach of the promise, but also damages for the loss of reputation which must necessarily depend on the conduct of the party both before and after the injury complained of. Whether the previous bad character of the plaintiff, if unknown to the defendant when he made the promise, would constitute a defence to the action, is a question not presented by the record, and under the pleadings and evidence in this case could not properly be raised. The only defence set up to the action by the defendant is, that he did not make the alleged promise, and if he did, as the jury have found, he must have known from the acts of lewdness to which he testifies, if he tells the truth, that the plaintiff's character for chastity was bad when he made the promise. But the evidence, though it was not offered as a bar to the action, and would have constituted no defence to it under the circumstances, should have been allowed to go to the jury in mitigation of damages ; and for the error of the court in its rejection the judgment must be reversed and a new trial awarded.

Judgment reversed, and a *venire facias de novo* awarded.