GREENLEAF K. SHERIDAN, as Executor, etc., Appellant, *v.* JULIA R. HOUGHTON et al., Respondents.

(Submitted January 17, 1881 ; decided February 8, 1881.)

APPEAL from judgment of General Term, reversing a decree of the surrogate of the county of New York, admitting to probate the will of David S. Jackson, deceased. (Mem. of decision below, 16 Hun, 628.)

By section 8 of chapter 359 of the Laws of 1870, jurisdiction was conferred upon the surrogate of the county of New York, to take proof of lost or destroyed wills — the same jurisdiction as was vested in and possessed by the Supreme Court. Formerly the sole jurisdiction to prove such wills was vested in the Court of Chancery (2 R. S. 67, § 63); and by the Constitution of 1846, and the Judiciary Act of 1847, that jurisdiction was transferred to the Supreme Court. At the time the appeal in this case was taken to the Supreme Court, appeals

from the decrees of surrogates were regulated by the Revised Statutes, and not by the Code. (§ 471 of the Code of Procedure.)

Procedings were instituted to prove this will as a destroyed will before the surrogate of New York; and after hearing the proofs of the parties, he made a decree establishing the will. This appellant appealed to the Supreme Court from such decree, and there the decree was reversed "on a question of law," and the judgment of reversal provided as follows: "That the proceedings be and the same hereby are remitted to the surrogate of the county of New York, who is hereby directed to proceed with the hearing of the case, and that no costs be allowed to either party on the said appeal." From that judgment the appellant appealed to this court, except from so much thereof as reversed the decree appealed from, and as stated the reversal to have been on a question of law.

The appellant here complained that the proceedings were remitted to the surrogate for a further hearing before him; also that he was entitled to costs. The court say: "If the reversal had been upon a question of fact, it would have been the duty of the Supreme Court to direct the case to be tried before a jury upon feigned issues. (2 R. S. 609, § 98.) But in the case of a reversal upon a question of law, it is provided (2 R. S. 609, § 96), that costs shall be awarded "against the party maintaining the decision of the surrogate, either personally or out of the estate of the deceased." Section 97 provides that the reversal upon a question of law shall be certified to the surrogate whose decision was appealed from, with the award of costs made by the court, and that the surrogate shall enforce payment of the costs awarded, in the same manner as if such award had been made by him, and shall proceed upon such reversal as directed in the first title of the sixth chapter of the second part of the Revised Statutes. The title referred to is the one providing for the proof of wills and the issuing of letters thereon by the surrogate, and other testamentary matters. Hence it was entirely proper for the Supreme Court to remit the matter to the surrogate for a further hearing according to law. The parties could again be brought be-

fore him and the hearing had *de novo ;* or the same evidence might be used, with such other evidence as any party desired to offer. Such practice was apparently sanctioned in *Talbot* v. *Talbot* (23 N. Y. 17), and is, we think, plainly required by the language of the statute.

The appellant also claims that costs were not awarded to him, either against the respondents personally or out of the estate of the deceased. This complaint seems to us well founded. The statute is peremptory that they shall be so awarded. The language used will admit of no other construction.

The judgment of the General Term should therefore be affirmed, except as to the costs, and as to them should be reversed, and the case remitted to the General Term, that it may determine whether the costs shall be paid by the respondents personally, or out of the estate of the deceased; costs of the appeal to this court of both parties to be paid out of the estate of the deceased."

*Samuel Riker* for appellant.

No one appearing for respondents.

EARL, J., reads for affirmance, except as above stated.
Judgment accordingly.