(70 App. Div. 523.)

### In re BARNES' WILL.

(Supreme Court, Appellate Division, Fourth Department.   March 11, 1902.)

1. LOST WILL—PROBATE—PROOF.

Code Civ. Proc. § 2621, provides that a lost or destroyed will can be probated only where a judgment establishing a will could be rendered by the supreme court. Section 1865 declares that a judgment establishing a lost or destroyed will shall not be rendered unless the will existed at testator's death, or had been fraudulently destroyed in his lifetime, and its provisions are proved by two credible witnesses. Testator took possession of the last of two wills immediately after its execution, but it did not appear what he afterwards did with it. Testator's daughter, who was with him during his last illness, and whose interest was adverse to the subsequent will, refused to allow her brother to examine testator's papers a short time before his death. *Held,* in a proceeding for probate, that the evidence was insufficient to show a will existing at testator's death, or of a fraudulent destruction of the subsequent will during his lifetime, so as to entitle any will to probate.

2. WILLS—REVOCATION—EXECUTION.

3 Rev. St. (Birdseye's 3d Ed.) p. 4020, § 10, provides that no will shall be revoked or altered otherwise than by some writing declaring such revocation or alteration, and executed as the will itself must be. Testator read a will before its execution, and the attorney who drew it read it to the testator and the subscribing witnesses from where the name of the executor was mentioned down to and including the clause, "revoking all former wills" and the attestation clause, whereupon the deceased signed the will, declaring it to be his last will and testament, and requested the parties present to sign it as witnesses, which they did. *Held,* that the execution was sufficient to work a revocation of a prior will.

3. SAME—REVIVAL OF FORMER WILL.

Under 3 Rev. St. (Birdseye's 3d Ed.) § 21, providing that if, after the making of any will, the testator shall execute a second will, the destruction, canceling, or revocation of the latter shall not revive the first, unless it appears by the revocation that it was intended to revive the first will, or unless, after such destruction, canceling, or revocation, testator shall republish the first will, where there is no evidence in an action for the probate of a will (it appearing that a will revoking the former will was lost) that the testator intended or attempted to revive the former will, it will not be admitted to probate.

4. SAME—PROBATE OF FORMER WILL.

The fact that proofs did not authorize the surrogate to admit to probate a subsequent will revoking a prior will does not furnish a valid reason why the former will should be revived, so as to be admitted to probate.

5. ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATIONS—PROOF—EXECUTION OF WILL.

Testimony of an attorney to prove the execution of a will, the attestation and revocation clauses of which he read to the testator and the subscribing witnesses, with the testator's approval, is not within Code Civ. Proc. § 835, prohibiting an attorney from disclosing communications made by a client to him in the course of professional employment, as such reading was an express waiver of secrecy.

Appeal from surrogate's court, Yates county.

Application for the probate of an alleged last will and testament of Henry S. Barnes, deceased. From a decree denying the same, the petitioner appeals. Affirmed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Calvin J. Huson, for appellant.
Thomas Carmody, for respondent.

DAVY, J.   On the 2d day of January, 1901, the appellant presented her petition to the surrogate's court of Yates county, praying that the last will and testament of Herman S. Barnes, deceased, bearing date June 17, 1897, be admitted to probate, and a citation was duly issued thereon to all parties interested in said estate.   On the return of said citation, J. Franklin Barnes, a son of the deceased, filed an answer denying that the paper so presented for probate was the last will and testament of said deceased, and alleging that subsequent to the execution thereof, and on or about the 30th day of November, 1900, the deceased made another will, revoking the former will, and that the last will had been lost or destroyed since the death of the testator.   Subsequently said J. Franklin Barnes presented a petition for the probate of the will alleged to have been executed by deceased on the said 30th day of November, 1900, as a lost will, to which the appellant interposed an answer, putting in issue all the material allegations of the petition. After hearing the proofs offered by the respective parties, the acting surrogate found, as conclusions of law based upon the findings of fact, that upon the execution of the will dated November 30, 1900, the deceased thereby revoked the former will of June 17, 1897, and that said last-mentioned will had no legal existence.   He also found that the will dated November 30, 1900, was lost or destroyed; that by the terms of said will the testator expressly revoked all former wills by him made; that the contents of said will were not established by sufficient evidence, and therefore it could not be admitted to probate; and that the said decedent since the loss or destruction of said will of November 30, 1900, did not execute, re-establish, or republish said will of June 17, 1897; therefore neither of said wills was entitled to probate.

Under the statute a lost or destroyed will can be admitted to probate in the surrogate's court only in a case where a judgment establishing a will could be rendered by the supreme court.   Code Civ. Proc. § 2621. The statutory enactment which provides for the proof of a lost or destroyed will in the supreme court states that:

"The plaintiff is not entitled to a judgment establishing a lost or destroyed will, as prescribed in this article, unless the will was in existence, at the time of the testator's death, or was fraudulently destroyed in his lifetime; and its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness." Code Civ. Proc. § 1865.

It will be seen from this provision of the statute that the petitioner was obliged to prove either that the will was in existence at the time of the testator's death, or that it had been fraudulently destroyed in his lifetime.   It appears from the testimony that the testator took possession of the lost will immediately after its execution, and it does not appear what he afterwards did with it; and no evidence was given that it was in existence at the time of the testator's death, or that it was fraudulently destroyed during his lifetime.   It appears that a careful and thorough search was made among the private papers and effects of the deceased, and the will could not be found.   It was held in Collyer

v. Collye1, 110 N. Y. 486, 18 N. E. 110, 6 Am. St. Rep. 405, that, where a will previously executed cannot be found after the death of the testator, there is a strong presumption that it was destroyed by the testator animo revocandi. In re Kennedy's Will, 167 N. Y. 163, 60 N. E. 442. The burden of overcoming this presumption rested with the petitioner. It was not sufficient to show that some one of the relatives had an opportunity to destroy it. The petitioner should have gone further, and shown by facts and circumstances that the will was actually lost or destroyed. The fact that the testator's daughter, who was with him during his last illness, and whose interest was adverse to the will, refused to allow her brother to examine the papers in the testator's bureau drawer a short time before his death, is a suspicious circumstance. It is not sufficient evidence, however, of the existence of the will at the time of testator's death, or of a fraudulent destruction of it during his lifetime.

The learned counsel for the appellant contends that the acting surrogate erred in holding that the lost will was properly executed. It appears from the evidence that the testator read the will before it was executed, and that the attorney who drew it read over to the testator and the subscribing witnesses, all of whom were present in the attorney's office at the time of its execution, from the place in the will where the name of the executor is mentioned, down to and including the clause "revoking all former wills by me made" and the attestation clause; that after he had finished reading these clauses the deceased signed the will, and then the attorney said to him, "Do you say this is your last will and testament, and do you request these gentlemen to sign it as witnesses?" and he said, "Yes," and they sat down to the table, one by one, and signed it. These facts are corroborated by the attesting witnesses. It is urged by the appellant that this is not a compliance with the statute that prescribes the formalities to be observed in the revocation of wills. The statute provides:

"No will in writing except in the cases hereinafter mentioned, nor any part thereof, shall be revoked, or altered, otherwise than by some other will in writing, or some other writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed; or unless such will be burnt, torn, cancelled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by another person in his presence, by his direction and consent; and when so done by another person, the direction and consent of the testator, and the fact of such injury or destruction, shall be proved by at least two witnesses." 3 Rev. St. (Birdseye's 3d Ed.) p. 4020, § 10.

Section 21 of the statute referred to provides that:

"If, after the making of any will, the testator shall duly make and execute a second will, the destruction, cancelling or revocation of such second will, shall not revive the first will, unless it appear by the terms of such revocation, that it was his intention to revive and give effect to his first will, or unless after such destruction, cancelling or revocation, he shall duly republish his first will."

In Re Stickney's Will, 161 N. Y. 42, 55 N. E. 396, 76 Am. St. Rep. 246, the court held that a will that has been revoked by a subsequent one which is destroyed by the testator is not revived by his declaration that he desires his first will to stand, made to others than the subscrib-

ing witnesses. There is no evidence in this case that the testator either intended or attempted to revive the former will, so we have the uncontradicted proof of the execution of a will by the testator upon the 17th day of June, 1897; also the proof of the making and execution of a subsequent will upon the 30th day of November, 1900, which subsequent will was executed with the prescribed formalities required by law, declaring in express terms in the instrument itself that all former wills made by the testator were revoked.

It is urged that, even if the subsequent will were executed with all the formalities required by statute, it did not revoke the former will, for the reason that the subsequent will had not been admitted to probate. The fact that the proofs did not authorize the surrogate to admit the subsequent will to probate does not afford any valid reason why the former will should be revived. The first will, when revoked by the subsequent will, had no longer any legal existence. It was said in Wallis v. Wallis, 114 Mass. 512, that:

"When a testamentary instrument is lost or destroyed, it cannot be admitted to probate without clear and satisfactory proof of its whole contents. If it can be proved that a later will was duly executed, attested, and subscribed, and that it contained a clause expressly revoking all former wills, but evidence of the rest of its contents cannot be obtained, it is nevertheless a good revocation; and it can be made available only by allowing it to be set up in opposition to the probate of the earlier will."

Nelson v. McGiffert, 3 Barb. Ch. 158, 164, 49 Am. Dec. 170; Day v. Day, 3 N. J. Eq. 549; In re Forbes' Will (Sur.) 24 N. Y. Supp. 841.

In Page, Wills, § 270, it is stated that:

"If the lost will is shown to have contained a clause of express revocation, the first will is not in force, even where it is impossible to prove the contents of the lost will further than such revocation clause."

Underhill on the Law of Wills (volume 1, § 266) lays down the rule that where a will proved to have been executed is shown to have been lost, or to have been destroyed by the testator or some other person, all the contents of the last will need not be proved, if enough is proved to show that it revoked the former one. If the court is satisfied that the subsequent will was properly executed, the revocation clause may be proved in opposition to an application to probate an earlier will, even though the revocatory writing which was lost has never been admitted to probate.

It is urged by the learned counsel for the appellant, that the evidence given by the attorney, Evarts, pertaining to the execution of the will of November 30, 1900, was incompetent, under section 835 of the Code of Civil Procedure, which prohibits the disclosure by an attorney of a communication by his client to him, or his advice given in the course of his professional employment. His testimony was undoubtedly very material and important in its bearing upon the question as to whether the will was properly executed, and, if erroneously admitted, would lead to a reversal of the judgment appealed from. When Evarts read the attestation and revocation clauses of the will in the hearing and presence of the testator and the subscribing witnesses, with the testator's assent and approval, it was an express waiver of secrecy,

within the meaning of the statute. It would seem that the testator had no intention that the lips of the attorney should be sealed as to what took place at the time the will was executed, or that he should be prevented from testifying in support of the will. Hurlburt v. Hurlburt, 128 N. Y. 424, 28 N. E. 651, 26 Am. St. Rep. 482; Rosseau v. Bleau, 131 N. Y. 183, 30 N. E. 52, 27 Am. St. Rep. 578. In Re Chase's Will, 41 Hun, 204, Justice Follett said:

"The draftsman of a will, though he is an attorney, is not incompetent, under section 835, Code Civ. Proc., to testify in support of a will, to the instructions received from the testator in respect to the provisions to be incorporated in the will."

Sheridan v. Houghton, 16 Hun, 628, affirmed in 84 N. Y. 643; Hebbard v. Haughian, 70 N. Y. 55.

The act of the attorney in asking the testator if he acknowledged the instrument to be his last will and testament, and if he desired the parties present to sign it as witnesses, is not an unusual one. It frequently occurs in executing wills that words of request or acknowledgment come from the party who is assisting the testator in the preparation and execution of his will. It was held in Re Nelson's Will, 141 N. Y. 157, 36 N. E. 3, that a request to sign as a witness, made by the person superintending the execution of a will in the hearing of the testator, and with his silent permission and approval, is a sufficient compliance with the requirements of the statute. Gilbert v. Knox, 52 N. Y. 125; Peck v. Cary, 27 N. Y. 9, 84 Am. Dec. 220. The fact that the instrument in question was the will of the testator was made known to the witnesses by the declaration of Evarts, who acted and spoke for the testator not only in preparing the will, but seeing that it was properly executed. We are of the opinion that the testimony of Evarts as to what was said and done at the time the will was executed was competent.

It is not necessary to discuss the other exceptions, for the reason that the will was not admitted to probate, and therefore the appellant was not prejudiced by the rulings of the court. The decree of the surrogate's court should be affirmed, with costs to the respondent, to be paid by the appellant personally.

Decree affirmed. All concur.