In re BENNETT'S WILL.

SMITH v. FERRIS et al.

(Supreme Court, Appellate Division, Fourth Department.   March 3, 1915.)

1. WILLS ⬅⬆290—PRESUMPTIONS—REVOCATION.

Where it is shown that an attorney who drew a will retained it for some time, and then delivered it to testatrix at her request, and after her death it could not be found, the presumption is that she destroyed it with intention to revoke.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 663;  Dec. Dig. ⬅⬆290.]

2. WITNESSES ⬅⬆206—CONFIDENTIAL RELATIONS—ATTORNEY AND CLIENT—PRESENCE OF OTHER PERSONS.

Under Code Civ. Proc. § 835, providing that an attorney shall not be allowed to disclose communications made by his client to him, an attorney is not prevented from testifying as to the execution and contents of a last will which he drew for a client, where it appeared that the directions for the will were given to him in the presence of another, in whose presence he also read the will as drawn to the client, since that section applies only to communications by a client which are confidential.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 761, 764, 765; Dec. Dig. ⬅⬆206.]

Appeal from Surrogate's Court, Steuben County.

In proceedings for the probate of the last will and testament of Ellen Bennett, Flora Gray Smith appeals from a decree denying probate of the purported will, upon the objections of Benjamin F. Ferris and others.   Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Milo M. Acker, of Hornell, for appellant.

Fred A. Robbins, of Rochester, and Robbins, Brown & Phillips, of Hornell, for respondent Ferris.

Shults, Stevens & Cameron, of Hornell, for respondent Meyers.

PER CURIAM.   [1] We are satisfied that the evidence shows that the instrument presented by the petitioner, the appellant herein, for probate as the last will and testament of Ellen Bennett, deceased, bearing date October 16, 1905, was revoked by a subsequent will duly made and executed by the testatrix on or about March 16, 1908, which last-mentioned will contained a clause revoking all former wills made by her.   The evidence further shows that this last will after its execution was by testatrix's direction retained by the attorney who drew it, in whose custody it remained for some two years, and at her request it was then delivered to her.   What afterwards became of it is not shown; but, as it could not be found, the presumption is, under the circumstances, that it was destroyed by her with the intention of revoking it.   Collyer v. Collyer, 110 N. Y. 481, 18 N. E. 110, 6 Am. St. Rep. 405; Matter of Kennedy, 167 N. Y. 163, 60 N. E. 442.

[2] A material part of the evidence, by which contestants sought to establish the execution of the later will and the fact that it contained the revocation clause, was given by the attorney who, at the request

and by direction of deceased, drew it. This evidence was duly objected to by the petitioner as calling for the disclosure of a communication between an attorney and his client, disclosure of which by the attorney was prohibited by section 835 of the Code of Civil Procedure, and exception duly taken to its admission. If, therefore, the attorney was, under the circumstances of this case, prohibited by the section referred to from disclosing the contents of that will, then the erroneous admission of his evidence would necessarily require the reversal of the decree. But it appears that, while the attorney was not a witness to the will, yet the directions for its preparation were given him by the deceased in the presence of a third person, Mrs. Taft, a friend of deceased, whom she had requested to accompany her to the attorney's office, and that after the will was prepared by him he read it aloud in the presence and hearing of both Mrs. Taft and the deceased. Mrs. Taft was a witness to the execution of this will, and she, as well as the attorney, gave evidence as to its execution. Under these circumstances, the communications between the attorney and his client do not partake of that confidential character, nor is the relation occupied by the attorney and client in regard to such communications of the confidential nature, disclosure of which is prohibited by the section above referred to. Baumann v. Steingester, 213 N. Y. 328, 107 N. E. 578. This court has also so held in two cases in which the same question arose. See Matter of Barnes, 70 App. Div. 523, 75 N. Y. Supp. 373; Matter of Eckler, 126 App. Div. 199, 110 N. Y. Supp. 650.

The failure of contestants to produce the other subscribing witness for examination on the hearing was sufficiently explained.

The decree should be affirmed, with costs to respondents payable out of the estate.