B. FRANK COOLEY, Plaintiff, *v.* AGUSTA H. COOLEY, Defendant.

(Supreme Court, Monroe Equity Term, July, 1921.)

Dower — action to admeasure — issue that decedent died intestate — title to real estate under alleged lost will — testimony of one witness to establish will and contents — defendant held not to have established title.

All that is required of parties seeking to make title to real estate under a will alleged to have been lost or destroyed by accident or wicked design, is common law proof of due execution of a will containing a devise of the real estate involved.

In such case, it is not necessary that the will be established as required by the Statute of Wills but it is competent to prove by the testimony of a single witness, both the fact that the will was made and that it contained a devise in favor of the persons claiming under it.

The answer in an action brought by the brother and sole next of kin of a decedent denied the allegation of the complaint that decedent died intestate and pleaded that he made a will bequeathing and devising all his estate to defendant; that said will was not revoked and upon diligent search made since his death she had been unable to find it and alleges that it has been lost by accident or destroyed by design. *Held*, that defendant

was entitled to prove that her deceased husband made such a will, by common law proof, *i. e.,* by testimony of less probative value than the Statute of Wills requires.

Upon consideration of the evidence given by one who testified that decedent read the will in his presence — an incompetent declaration of the testator — and of the testimony of the wife of said witness, the only one produced who claimed to know the contents of the will by having read it, *held,* that defendant had failed to prove that the will was in existence at the death of her husband and that the provisions thereof were favorable to her, and that, therefore, she had not established title to the real estate in question, and plaintiff may proceed as he may be advised.

ACTION by the brother and sole heir at law of William H. Cooley, deceased, for the admeasurement of the dower of the defendant, widow of the decedent, in certain real estate.

George Burns, for plaintiff.

Edward C. Edelman, for defendant.

STEPHENS, J. The complaint alleges that the plaintiff is the brother of William H. Cooley, deceased; that said decedent died February 20, 1913, intestate and that letters of administration upon his estate were thereafter issued to the defendant, his widow; that said William H. Cooley was at the time of his death the owner in fee and in possession of four several parcels of real estate; that the defendant, when the action was commenced, was in possession of the parcel designated number one and that the plaintiff was in possession of the other three parcels.

The answer denies that said William H. Cooley died intestate and that the plaintiff is in possession of any part of the property in question; by failing to deny the other allegations in the complaint they are, of course, admitted; the answer then sets forth two com-

plete defenses; in the first of them the defendant alleges that said decedent duly executed a last will and testament, by the terms of which he bequeathed and devised all of his property to the defendant; that said will was not revoked during the lifetime of the testator and that since his death, although having made a diligent search for the same, she has been unable to find the will and she alleges that it has been lost by accident or destroyed by design; in the second of the defenses the defendant alleges that her husband during the year 1912 duly executed and delivered to her a deed by which he conveyed to her the said premises and that she entered and has ever since remained in possession of them; that the deed was not recorded and that the defendant has been unable since the death of the alleged grantor to find the deed and she alleges that the same has been lost by accident or destroyed by design; the defendant demands judgment that the complaint be dismissed, that the said alleged last will and testament of said deceased be established according to the statute in such case made and provided, that the execution of the lost deed and its delivery to the defendant be established and that the defendant became the owner in fee simple absolute of said premises upon the execution and delivery of said deed and that the plaintiff has no right, title or interest in the said real property; the plaintiff served a reply in which the execution of a will and of the deed, referred to in the answer, was denied.

The issues were tried in March, 1920, and they were finally submitted in February, 1921.

In the brief of the defendant's counsel it is conceded that the defendant has failed to establish any right to relief under the alleged deed and the right to relief under the first complete defense contained in the answer, upon which was predicated the demand that

the lost will be established, was also abandoned, the unequivocal statement being made that the defendant is not proceeding in reliance upon sections 1865 to 1867 nor section 2613 of the Code of Civil Procedure but is seeking to establish her title to the real estate under a lost will proven by evidence permissible under the common law and adequate unhindered by statutory regulations to defeat the plaintiff's claim to the real estate; the plaintiff, on the other hand, is uncompromising in the position that if the defendant succeed at all it must be upon one or the other of the theories which she has discarded; that there is a deficiency of proof as to the deed, and the will has not been established by the kind or degree of evidence prescribed by the Code; that both of these sources of relief failing the defendant must utterly fail; I cannot yield to this suggestion, but agree with the defendant that although having waived all claims for relief under the separate defenses the defendant can still challenge an investigation of her claim to ownership of the property, sustained by common-law evidence, by virtue of a devise to her in the alleged will of her husband.

It must first be determined, however, whether under the pleadings the defendant should be permitted to prove that her husband made a will and the terms of it by common-law proof, that is by testimony of less probative value than the statute requires; of this there seems to be no doubt; the complaint alleges the intestacy of Mr. Cooley, and the answer denies it; the testacy or the intestacy of the decedent is, therefore, an issuable fact. *Whitney* v. *Whitney*, 171 N. Y. 176.

In a long line of decisions, the courts have consistently held that title to real estate could be shown by common-law proof, that the property was devised by a will that had been lost, or destroyed by accident or

wicked design; that all that was required to be proven was that the will had been duly executed and that it contained a devise of the real estate involved to the parties seeking to make title to it; it is not necessary, therefore, that the will be established by two witnesses or by the production of a will and one witness, as the statute prescribes, but it is competent to prove both the fact that the will was made and that it contained a devise of the property to the person claiming under it by the testimony of even a single witness. *Jackson* v. *Le Grange,* 19 Johns. 386; *Dan* v. *Brown,* 4 Cow. 483; *Jackson* v. *Vickory,* 1 Wend. 406; *Harris* v. *Harris,* 26 N. Y. 433; *Corley* v. *McElmeel,* 149 id. 228; *Upton* v. *Bernstein,* 76 Hun, 516; *Alfred Univ.* v. *Frace,* 193 App. Div. 279.

We are brought now to consider the testimony relating to the essential facts upon which the title, if any, of the defendant depends, (1) the making of the will, (2) its existence at the death of the testator,. (3) its destruction after his death by the plaintiff, and (4) the contents of it.

It may be taken for granted in our discussion that somewhere between five and eight years before his death, a sufficiently near approximation for a granted fact, the testator made a will, witnessed by his lawyer who drew it, Mr. Davison, who died about 1911, and Cornelia T. Butler; the latter testified upon the trial to the due execution of the instrument but knew nothing of its contents; we may also assume that it was this will which the witnesses, Mr. and Mrs. Swarts, saw at the home of William H. Cooley on the Sunday preceding the Thursday on which he died, though if the testimony of Mr. Swarts were subjected to a critical examination it might fail to sustain this. assumption. *Matter of Burbank,* 104 App. Div. 312; affd., 185 N. Y. 559.

The defendant, in order to succeed, would need to establish that the lost will was in existence at the time of the death of the testator or that it was destroyed before his death by accident or with an evil purpose; she has elected to stand upon the theory that the will was in existence when Mr. Cooley died and that it was afterward taken from among his papers by the plaintiff; only in this way could the presumption that the will had been destroyed by the testator *animo revocandi* be avoided. *Collyer* v. *Collyer,* 110 N. Y. 481; *Matter of Kennedy,* 167 id. 163; *Matter of Cunnion,* 201 id. 123; *Matter of Bennett,* 166 App. Div. 637.

While it may not be necessary to consider this charge for the practical purpose of deciding the issues, nevertheless, the bases upon which it is claimed to rest may properly be stated; Mr. Cooley died on Thursday, and was buried on Sunday following; on Saturday night the plaintiff reached his brother's late home in Brockport, with his young son; they were given the front second-floor room in the house to occupy during their stay; Mr. Cooley's workroom, where the will and deed were presumably kept in his desk, was on the same floor in the rear; entrance to this workroom could be had from the front room, occupied by the plaintiff, by coming from the latter into the hall, going from the hall into another bedroom and thence to the workroom; the defendant testified that before the plaintiff's arrival she locked the door leading from the upstairs hall into the bedroom, secondly above mentioned, thus cutting off the passage on the second floor from the front bedroom to the workroom; another means of entrance to the workroom was the back stairs, leading from the dining-room so-called on the first floor; two witnesses testified that on Sunday morning they saw the plaintiff go up the

back stairs, thus suggesting that the plaintiff had an opportunity to abstract the missing will from Mr. Cooley's desk; the defendant testified that her husband usually kept the desk locked and that there was a hook back under the desk on which the key hung; that on Monday after the funeral she could not find the key but found it a week or so later upon a commode in the workroom under some magazines and other papers; she also stated that she made a search in the desk for the will and deed but did not find them; she did not tell the time this search was made but probably left it to be inferred that it was after she found the key; another witness testified that while the plaintiff was at the cemetery on the day of the funeral she found the door leading from the hall into the room occupied by the plaintiff locked; the plaintiff left Brockport to return to his home on Monday.

The plaintiff denied with emphasis that he had taken the will and deed; he neither denied nor admitted that he went to the workroom, and his testimony upon this subject leaves very much to be desired.

The circumstances above detailed are urged as proof that the will was in the desk when Mr. Cooley died, that the plaintiff took it and the deed, because they were hostile to his advantage and that his taking them fortified the claim that the provisions of the will were favorable to the defendant; the testimony goes no further, however, than showing that the plaintiff had the opportunity to get possession of the documents which it would be to his profit to conceal; this alone is not enough. *Knapp* v. *Knapp,* 10 N. Y. 276; *Collyer* v. *Collyer,* 110 id. 481; *Matter of Barnes,* 70 App. Div. 523.

The diligent counsel for the defendant stresses with forceful argument, manifesting commendable indus-

try in research, the unfavorable deductions that should be made upon the plaintiff's testimony relating to his going to the workroom; a minute analysis of this argument is unnecessary for it does not supply the defect of clear and certain proof of the contents of the lost will that is uniformly insisted upon in order to uphold a claim to title of real estate by virtue of it.

That the will by its terms gave the property in question to the defendant rests solely upon declarations of the testator and the testimony of Mrs. Swarts; the latter witness was the only one produced who claimed to know the contents of the will by having read it; Mr. Swarts, it is true, told of the provisions in the will, but his information was derived from the testator who read the will in his presence, but this is not other than a declaration of the testator; such declarations, though admitted in evidence on the trial, are incompetent. *Matter of Burbank,* 104 App. Div. 312; affd., 185 N. Y. 559; *Matter of Kennedy,* 167 id. 163.

There remains then to examine the testimony of Mrs. Swarts, that she saw the will and knew that its provisions were favorable to the defendant; when first called to the stand she testified, " Mr. Swarts read the will and I asked him — a woman's curiosity — if I could glance over it as I had never read a will, which I did * * * I glanced over it hastily;" when asked in a variety of forms to give the substance of the words contained in the will she replied, "it was all left to Mrs. Cooley * * * I don't remember how it was made out entirely * * * all that I remember distinctly was that he left it all to Mrs. Cooley. Left it in full to Mrs. Cooley, to be administrator without bonds. That is all that I remember, I just read it hastily;" to the further question, "Mrs. Cooley's name was not in the body of the will was it or wasn't

it as you recollect it? " she answered " No, only that he left it to her is all;" to the question " How was she described? " the answer was " I can't say, only it was left to her unconditionally and she was left as administrator without bonds;" then when asked " How was Mrs. Cooley referred to in the will? " her reply was, " His wife Agusta H. Cooley;" after the midday intermission the witness was recalled and corrected the testimony she had given in the morning by saying that her husband did not read the will but that Mr. Cooley read it aloud and after that she read it.

From this quoted testimony, given in the circumstances mentioned, the court is asked to find that the will of William H. Cooley devised the four parcels of land in controversy to his wife, the defendant; the testimony, I am confident, does not justify such a conclusion; the witness could have had no interest not even curiosity to examine the instrument for the purpose of learning its contents, for she had just heard it read and the wish to see it must have been prompted by the desire to see how it was fashioned and yet of the latter we are told nothing, whether it was in handwriting or whether it was typewritten, whether signed or unsigned, and the answers first given to the questions were her interpretation of the legal effect of the writing rather than the language by which that effect was accomplished; to hold that ownership of property can be made to depend upon testimony of such character would imperil the stability of real estate titles and render quite useless those formalities which experience has shown to be necessary in order to safeguard a change of ownership by grant or devise.

The above considerations lead to the conslusion that the defendant has not established title to the real estate, having failed to prove that the will was in existence at Mr. Cooley's death and, therefore, not destroyed

afterwards by the plaintiff, and having failed also to prove that the provisions of the will were favorable to her cause.

It is, of course, regrettable that the defendant's hopes cannot be realized, but the fault, if any, is not to be attributed to the law, but rather to the neglect either on the part of the decedent in not making provision for the defendant in approved form or if that were indeed done, the joint neglect of himself and the defendant in not taking the simply adequate precautions against the hazard, of which the defendant now claims to be the victim, and which, if the testimony be credited, both anticipated.

The plaintiff may proceed hereon as he may be advised.

Ordered accordingly.