## Commonwealth v. Smith.

*Criminal law — Adultery — Divorce — Decree of another state — Invalid decree—Remarriage of libellant.*

1. An order annexed to a decree in divorce of another state, that the decree is not to become absolute until six months from the date of its entry, has no extraterritorial effect.

2. If the libellant in such proceeding marries again in Pennsylvania, the marriage is not void *ab initio*.

3. A decree of divorce originally secured through fraud may be vacated by the court entering it, although a marriage has since been contracted on the faith of such decree.

4. If the respondent, by proceedings after the expiration of the six months, secures an order vacating the decree of divorce on the ground of fraud, the Pennsylvania marriage of libellant becomes void on the date of the order of vacation.

5. In such case, libellant cannot be convicted of adultery where there is no evidence that he had carnal connection with his second wife after the date of the vacating order.

Motion in arrest of judgment. Q. S. Lehigh Co., Oct. T., 1924, No. 14.

*Orrin E. Boyle*, District Attorney, for Commonwealth.

*Groman & Rapoport*, for defendant.

IOBST, J.—On Oct. 6, 1924, the grand jury found an indictment against Harvey H. Smith, charging him with the crime of adultery with one Blanche Colly. Upon trial the defendant was found guilty as indicted. The defendant now moves for a new trial and in arrest of judgment, and assigns numerous reasons therefor.

After a careful review of the entire case, we are of the opinion that the final solution of the whole proposition is in answer to the second reason in arrest of judgment, to wit: "The Commonwealth failed to produce any testimony to show that the defendant had carnal connection with any woman not his lawful wife."

The facts are these: On Oct. 11, 1921, the defendant obtained a divorce from his wife, Nellie E. Smith, in the State of Oklahoma, to which was annexed the following order, to wit: "It is further ordered by the court that this decree do not become absolute and take effect until six months from the date hereof." On Oct. 22, 1921, the defendant married Blanche M. Colly at

Nazareth, Pennsylvania, and the matrimonial domicile of the defendant and Blanche M. Colly, whom we shall term the second Mrs. Smith, has been and still is in the State of Pennsylvania. On Feb. 6, 1923, the first Mrs. Smith, Nellie E., while the defendant and the second Mrs. Smith were residing in Pennsylvania, made application to the District Court of Okmulgee County, Oklahoma, being the same court which had entered the decree of divorce, to set aside and vacate the divorce decree, on the ground that it was obtained by fraud, which application was denied by the court. On Dec. 4, 1923, she filed her amended petition in the same court to have said decree in divorce set aside, again alleging fraud, whereupon the decree of divorce obtained on Oct. 11, 1921, was vacated, set aside and declared void after the defendant had interposed a special appearance in the nature of a demurrer. The demurrer was overruled and an appeal taken, which was dismissed by the Supreme Court of Oklahoma on May 20, 1924, because of an error in procedure. During all this time, the second Mrs. Smith was a resident of the State of Pennsylvania and never was in Oklahoma. Since their marriage on Oct. 22, 1921, and up to May 20, 1924, the defendant and the second Mrs. Smith have lived in Pennsylvania as husband and wife; there is no testimony on the part of the Commonwealth of cohabitation between the parties after the date of May 20, 1924.

Therefore, the following legal questions present themselves for our consideration:

1. Does the decree in divorce of the Oklahoma court, to which was annexed an order that said decree was not to become absolute until six months from the date of the entry thereof, have extraterritorial effect and thus prevent the defendant's marriage within that time in the State of Pennsylvania?

2. Do the courts have power to vacate a decree in divorce, and what is the effect of thus setting aside the decree upon the status of the parties?

On this subject, the leading case in Pennsylvania is Van Storch v. Griffin, 71 Pa. 240. This was an action on the case for breach of promise to marry. The plaintiff in this action was the divorced wife of one Hancock, who had previously secured a divorce from his wife in the State of New York on the ground of adultery. The decree so entered in New York made it unlawful for the wife (the said plaintiff in this action) to marry again until her husband shall be actually dead. In the case above cited our Supreme Court said: "The decree that it shall not be lawful for her to marry again until her husband, from whom she was divorced, shall be actually dead, agreeably to the statute of New York, though it may be valid and binding on her in that state, can have no extraterritorial effect. She was as free to marry in this state as if no such decree had been made. Besides, when the defendant made the alleged promise, the plaintiff had been divorced from her former husband by a decree of the court below, which had been affirmed by this court; and by our laws she was as capable of entering into a new marriage contract as if she had always been sole. As her marriage with the defendant would have been valid here, it would be treated as valid everywhere: Phillips v. Gregg, 10 Watts, 158; and, therefore, it would be regarded as valid in New York, notwithstanding the decree, made in conformity with the statute of that state forbidding her marriage during the lifetime of her former husband. Even if the plaintiff and defendant had been residents of the State of New York and had come into Pennsylvania and been married here, with the express purpose of evading the law of New York, and then had returned and continued to reside there, the marriage would have been recognized and treated as valid by the courts of that state."

Commonwealth v. Smith.

In the case of Green v. McDowell, 242 S. W. Repr. 168, it was held: "A marriage in Tennessee, within six months of a decree of divorce rendered in Oklahoma, was valid, though marriage could not be had within such time in Oklahoma." To the same effect is the case of Crouse et al. v. Wheeler, 158 Pac. Repr. 1100, where it was held: "A marriage in the State of New Mexico by a person divorced in Colorado, within a month of the divorce, was valid under the laws of New Mexico and lawful in the State of Colorado, though it would have been unlawful if executed in such latter state."

In Haviland v. Halstead, 34 N. Y. 643, 646, the court said: "It may be assumed that if a marriage had taken place between the parties in New Jersey, in pursuance of their contract, such marriage would have been recognized and treated as valid by the courts of this state, even although the parties had gone into New Jersey with intent to evade the law of this state." See, also, Van Voorhis et al. v. Brintnall et al., 86 N. Y. 18, and Sturgeon on Divorce, 577. "Marriage, while possessing some of the elements of an ordinary civil contract, is further regarded in all civilized countries as an institution fixing a particular status, that of husband and wife, on the contracting parties. The validity of a marriage, essential to the production of this status, is governed, according to the great weight of authority, not by the law of the domicile of the parties, but by the law of the place where the marriage is entered into, and the general rule is that a marriage valid where contracted is valid everywhere, except in cases within prohibited bounds of consanguinity, polygamous marriages and marriages declared void by statute:" 12 Corpus Juris, 459, § 43.

Therefore, the conclusion must follow that the marriage between the defendant, Harvey H. Smith, and Blanche E. Colly, on Oct. 22, 1921, in Pennsylvania, in the light of the facts and the decisions, was a valid marriage; and being lawfully married, they had the right to cohabit as husband and wife.

We now come to the next proposition, as to whether a court can vacate a decree in divorce and what is the effect of such a vacation.

From an inspection of the exhibits offered in evidence, it is obvious that the decree in divorce in Oklahoma was secured by fraud. The general rule of law is that a divorce decree thus obtained may be vacated and set aside by the court which originally entered the decree, such power being inherent in the court for the due administration of justice. "Fraud or imposition is universally recognized as a sufficient ground for setting aside a decree, and a decree may be set aside for fraud, although an innocent party will be injuriously affected thereby, as where plaintiff has remarried:" 19 Corpus Juris, 166, § 415. "The Court of Common Pleas have the power to vacate a decree of divorce, entered at a previous term, where it was obtained by fraud on the court, although a marriage had been contracted subsequently on the faith of such decree with a party thereto and issue born:" (Syl.); Allen v. Maclellan, 12 Pa. 328; Boyd's Appeal, 38 Pa. 241; Fidelity Insurance Co.'s Appeal, 93 Pa. 242. Evidently, this is also the law of Oklahoma, for an inspection of Commonwealth's Exhibit "A," which is a copy of the record of the Supreme Court of Oklahoma, to which an appeal was entered by Harvey H. Smith from the decision of the lower court vacating the decree, reveals the law of the case. Quoting from the opinion: "Upon trial of the case, considerable testimony from both sides was introduced, after which the trial court found that the decree of divorce was procured by the most gross fraud, and that the petitioner had a good defence to the petition for divorce. Judgment was rendered upon these findings vacating decree, and from this ruling

Commonwealth v. Smith.

of the court the cause was brought here by petition in error and case-made. Defendant has filed a motion to dismiss the proceeding in error, in which it is contended that the action of the court in vacating the decree in the divorce suit is not an appealable order of judgment, and, even though it be held to be an appealable order of judgment, no motion for a new trial was filed, which was necessary in order to present to this court errors of law occurring in the trial of the case. No response has been filed. It seems that the only conclusions to be reached are that the judgment vacating the decree of divorce is final and appealable, and that, in order to present to this court errors occurring in the proceedings to vacate, motion for new trial is necessary. This appeal should be dismissed." According to the exhibits, this opinion of the court was entered on May 20, 1924. We, therefore, conclude that the Oklahoma court had the power to vacate the decree of divorce as entered on Oct. 11, 1921, and that the annulment of said decree became effective as of May 20, 1924, when the appeal from the order was dismissed.

It is clear, then, whatever the status of the defendant and the second Mrs. Smith might have been between the time of the granting of the decree in divorce and the final annulment of that decree, nevertheless, after said decree was set aside, Nellie E. Smith, the first wife, was again restored to her marital rights as the lawful wife of Harvey H. Smith, the defendant. But it is equally clear that the decree of the Oklahoma court vacating the divorce decree, effective May 20, 1924, and placing the defendant and his first wife in the same status as the law recognized them prior to the decree in divorce, could not have had a retroactive effect so as to make the Pennsylvania marriage void ab initio, but the most that could be said was that the marriage in Pennsylvania was terminated from that time on, to wit, from May 20, 1924, and, therefore, the crime of adultery could have been committed only if the testimony showed that he had any carnal connection with the second Mrs. Smith, Blanche M., after May 20, 1924. A careful scrutiny of the evidence fails to show any such state of facts, and, therefore, the conviction cannot stand. Therefore, we are obliged to grant the motion in arrest of judgment.

And now, to wit, June 8, 1925, this case having come up for argument, upon due consideration, the motion in arrest of judgment is granted.

From Edwin L. Kohler, Allentown, Pa.