In the Matter of the Estate of JACOB WISSMAN, Deceased.

Surrogate's Court, New York County, August 16, 1929.

*Jacob Schild*, for the petitioner.

O'BRIEN, S. This is an application for letters of administration. Because of the peculiar situation presented by decedent's having executed two wills, the matter was set down for a hearing and testimony was taken. It was shown that decedent executed a will on July 10, 1922, and subsequently and on November 10, 1927, he executed a second will in which there was a revocation of all prior wills. He died December 19, 1928. The hearing further disclosed the facts: (1) That the former will was found after his death, but a search failed to produce the second will; (2) that on the other hand, a carbon copy of the second will, which contained a revocation of the first, was found.

There was available no proof of the existence of the second will at the time of testator's death and it further appeared that there was no republication of the former will *after* the execution of the second will. Julius Oppenbach and Raymond E. Burdick, the subscribing witnesses of the former will, were called and testified concerning the execution of the second will and its clause revoking all former wills.

(1) It is clear from the proofs submitted upon the hearing and the whole record in this proceeding, that the will of 1927 could not be proven as a lost will for the reason that the parties concerned were unable to establish that the original of said will was in existence

at the time of testator's death, or had been fraudulently destroyed. (*Matter of Kennedy,* 167 N. Y. 163; *Matter of Staiger,* 243 id. 468.)

(2) The proofs submitted are sufficient to establish that the former will was revoked by the latter, notwithstanding the fact that the latter will has been lost or destroyed (*Matter of Wylie,* 162 App. Div. 574; *Matter of Stickney,* 31 id. 382; affd., 161 N. Y. 42; *Matter of Barnes,* 70 App. Div. 523.)

(3) There was no proof of republication of the former will as required by the statute (Decedent Estate Law, § 41).

It follows, therefore, and I hold that neither will may be admitted to probate. The application for letters of administration is granted. Submit decree.