## SUPREME COURT.

JOSEPH H. DAVIS agt. MARY S. R. TURNER, PETER R. CHEVALIER, WILLIAM E. HUNT and NICHOLAS SWITS.

A person examined as a witness before a referee, in a proceeding supplementary to an execution, in pursuance of §§ 295–300 of the code, is entitled to fees as a witness, as allowed by statute. (Laws of 1840, page 331, § 8.)

The remedy of the witness for his fees is against the party calling him; and it seems he is not bound to give evidence until his fees are paid.

The 301st section of the code does not authorize an application to a judge, in behalf of a witness, for his fees, and a fixed sum in addition.

*It seems* a person, not a party to the judgment, may be made a party to supplementary proceedings.

*It seems*, an action in the nature of a creditor's bill, against the judgment-debtor, and others colluding with him to defraud the creditor, may be commenced.

An application for costs cannot be made in a proceeding supplementary to an execution until the proceeding has been brought to an end in favor of the party so applying.

*Before* WILLARD, *Justice, at chambers, Dec.* 19, 1849.—On the 22d October, 1849, proof was made before Willard, Justice, that execution had been issued to the sheriff of Saratoga county, upon a judgment in favor of the plaintiff against the three first named defendants (the judgment roll being filed in the Saratoga clerk's office, and two of the above defendants being non-residents of this state,) and against the same defendants to the sheriff of Schenectady county, where the defendant Chevalier resides, for $103.23, and that the executions remain in the hands of the said sheriffs wholly unsatisfied, and that those defendants have property which they unjustly refuse to apply towards satisfaction of the said judgment; and also that Nicholas Swits, residing in Schenectady, now has in his possession title deeds and other evidences of right and title of the said three defendants to said property, and that the said title deeds and other evidences

of such property were about to be removed out of this state; whereupon the judge issued an order, requiring the said judgment debtors and the said Nicholas Swits, to appear before a referee, at a time and place therein appointed, and produce the said title deeds and other evidences of title of property, and that they be examined by said referee, concerning the property of the judgment debtors; and that the referee inquire whether the said debtors refuse to apply their property to said judgment, &c. &c. And the said order also restrained all the defendants from assigning or disposing of said deeds or evidences of title, or removing them from this state, and that the judgment debtors refrain from selling their property, &c. The order was drawn in the usual form of orders, under § 292 of the code.

Swits, on a former day, appeared before the referee and was examined touching the matters mentioned in the order; witnesses also were examined before the referee. The proceedings are still pending before the referee and no report has yet been made by him.

On a subsequent day, BOCKES, in behalf of Swits, on an affidavit of the foregoing facts, applied to WILLARD, J., for an order on the plaintiff, to pay said Swits his fees and disbursements, for attending before the referee for examination, and also a fixed sum in addition, together with the costs of the motion. The judge made an order on the plaintiff to show cause why such order should not be made; and ELLSWORTH, for the plaintiff, showed cause. He contended that no order could be made by the judge under § 301, until the proceedings were completed.

BOCKES contended that Swits was in reality, only a witness, with no interest in the matter.

WILLARD, Justice.—If Swits was a mere witness and not a party to this proceeding, he is entitled to the same fees as any other witness, and no more; and his remedy is by action against the party by whom he was called. The 301st section of the code does not authorize a judge to make any allowance, on the application of a witness. (Monell's Practice, 365.) The 295th section enacts that witnesses may be required to appear and testify on any proceeding, under that chapter, in the same manner as upon the trial of an issue; and the act of 1840, p. 331, § 8, prescribes the fees to which they are entitled. The Revised Statutes (2 R. S. 400, § 42) direct the mode of serving a subpœna, and specify what fees in advance shall be tendered before the witness can be required to attend. If he appears without process he is not bound to be sworn and give evidence, till his fees are actually paid. (3 Bl. Com. 369.)

But I think Swits was a *party*, not indeed to the original *action*, but to

this *supplementary proceeding*.   The code divides remedies into *actions* and *special proceedings*. (§ 1.)   The proceedings supplementary to an execution (Code, § 292) are of the latter character.   They are usually instituted by the judgment creditor against the judgment debtor; but other persons may, it is believed, be made *parties*.   The name *plaintiff* and *defendant*, is, by the 79th section, made applicable to parties to a *civil action*. But there must be parties to a special proceeding; and there is nothing in the code which prohibits the calling of the complaining party by the name of plaintiff and the adverse party by that of defendant.

This proceeding was reported by the commissioners on practice and pleading, as a substitute for a creditor's bill, and was supposed to be so plain as to require no explanation.   (See 1st Report of Com. on Practice and Pleading, 201.)

There were two species of creditor's suits well known to the chancery practitioner.   The first kind embraced suits brought for the administration of assets, to reach property fraudulently disposed of, &c.   The bill in such cases was filed on the behalf of the complainant, and all others standing in similar relation, who might come in under such bill, and the decree to be made.   It might be filed by simple contract creditors, and did not require a judgment to have been obtained.   (2 Barb. Ch. Pr. 149.)   The second kind, though existing before the Revised Statutes, as was declared in *Hadden* v. *Spader*, (20 J. R. 554,) was regulated by those statutes, (2 R. S. 173.)   It was an action given to a judgment creditor, who had exhausted his remedy at law, to obtain discovery and relief against the judgment debtor and any other persons having property or rights in action in trust for, or belonging to the debtor.   It enabled the creditor to reach things in action, not tangible by common law execution, and to remove obstructions which fraud had interposed to its collection.

Neither of these species of creditors' suits is abolished by the code. The first is substantially recognized by § 119 of the code; and there can be no doubt that the other may be adopted at the election of the creditor, but it must be conducted according to the existing system of pleadings and process.   In cases where the sole object of the creditor is to examine the debtor, the proceedings authorized by the present code, will afford in general, an adequate remedy.   But if the creditor wishes relief against a third person who has colluded with the debtor, this proceeding will be wholly ineffectual unless such person can be made a party.   In such case an action in the nature of a creditor's bill may be resorted to, making all persons parties who have an interest in the controversy, according to § 118.

But I incline to think that under the code of 1849, other persons besides the judgment debtor may be made a party to the proceedings supplementary to the execution. In the first report of the commissioners this does not seem to have been contemplated.

The 256th section of the report authorized the judge " to allow to any party or witness so examined, his travelling expenses and a fixed sum in addition, not exceeding —— dollars, as costs." As the creditor could not be examined, no costs could be allowed to him, under any circumstances. The judgment debtor was entitled to his travelling expenses, and a fixed sum besides, which was left blank in the report, whether he succeeded or not. It was amended by the Legislature, and adopted in the code of 1848, in this form. "The judge may allow the judgment creditor, or to any party or witness so examined, his travelling expenses, and a fixed sum in addition, not exceeding thirty dollars as costs." Thus the judge was authorized to allow to the judgment creditor, as well as any other party or witness, his travelling expenses and a fixed sum besides. There was nothing to prevent a judgment creditor, residing in a remote part of the state, from instituting this proceeding before a judge residing at a fashionable watering-place, in the interior or on the seaboard, and to charge his travelling expenses and the like, for his witnesses. It was not stated when, or under what circumstances, these allowances should be made, or by whom they should be paid, or out of what fund.

Some of these objections are obviated in the amended code of 1849. Section 301, which is a substitute for the former section 256, reads thus: " The judge may allow to any judgment creditor, or to any party so examined, *whether a party to the action or not*, witness-fees and disbursements, and a fixed sum in addition, not exceeding thirty dollars, as costs." Fees and disbursements are well understood in the law. They embrace the fees paid to the referees and to witnesses, the sums paid to clerks for copies of records and the like, (see code, § 311 to 313, and the fee bill of 1830, 2 R. S. 621 to 650 ; Session Laws of 1840, p. 331, § 8.) Clearly, the Legislature did not intend that the judge should allow to a witness his disbursements and thirty dollars besides. The amended code, doubtless, intended to leave the witnesses' fees to be provided for under the general law, and to allow the prevailing party to recover the witnesses' fees and other disbursements, and a fixed sum in addition, not exceeding thirty dollars, as his costs.

If this be the true construction, the judge may, when the proceeding is brought to a close, allow to the *judgment creditor*, if he be the prevailing party, the fees he has been liable to pay to his witnesses and the referee,

and his disbursements for exemplifications of records, serving subpœnas, and the like, and a fixed sum besides, not exceeding thirty dollars, as his costs. This latter sum was probably intended to cover the whole expense paid to his attorney in conducting the proceedings.

But suppose the judgment creditor fails, and the judge dismisses the proceedings; certainly he should not then be entitled to costs, but justice would seem to require that he should pay costs. Then the other branch of the section comes into operation : the judge may allow to any *party* so examined, whether a *party to the action* or not, his witnesses' fees and disbursements, and a fixed sum in addition, not exceeding thirty dollars, as his costs. Here is a direct implication that there may be a *party* to this proceeding, who is not a *party* to the original action ; and he is placed on the same footing as to costs, with the original *party* to the action. This is in conformity to the practice in creditors' bills, where persons, other than the judgment debtor were made parties.

There is nothing in sections 294 and 297 in conflict with this view of the matter. On the contrary, it will sometimes be a protection of the party indebted to a judgment debtor to be made a party. The order of the judge requiring him to pay to the judgment creditor, will be a part of the record of the proceeding, and will afford him a permanent voucher of the validity of his payment. If the person alleged to have property of the judgment debtor, or to be indebted to him claims an interest in the property, adverse to him, or denies the debt, such interest or debt must be recoverable only in an action against such person or corporation by the receiver; but the judge may, by order, forbid a transfer or other disposition of such property or interest, till a sufficient opportunity be given to the receiver to commence the action, and prosecute the same to judgment and execution, (Code, § 299.) The was the usual course under creditors' bills before the code. (See 1 Barb. Ch. Pr. 659.) The Court of Chancery never appointed a receiver unless a cause was depending, except in cases of idiots and lunatics, with respect to whom the jurisdiction was a peculiar one. (1 Atk. 489 ; 2 ib. 315.) The 299th section has thus enlarged the power of a single judge, and allowed the appointment of a receiver, in a special proceeding.

It was not necessary that every person indebted to the judgment debtor, should be made a party to a creditor's bill ; nor is it necessary that every person indebted to a judgment debtor should be made a party, under the proceedings now under consideration. All that is meant to be decided is, that cases may arise in which a person, other than the judgment debtor, *may be made a party.* The creditor will, in general, be cautious not *un-*

*necessarily* to make a man a party, lest he be compelled to pay costs to such party.

If, then, Swits was a party, other than a witness, it remains to be considered in what stage of the proceedings he is entitled to move for costs. The code is silent on this point; but in conformity to the analogy of the law in other cases, he cannot move until the proceeding is brought to a close as to him, and has terminated in his favor. Costs are never granted on a motion, until the motion is decided, nor in an action until judgment. (See Code, § 303 to 322.)

Whether Swits was *rightfully* made a party, or not, it is unnecessary now to determine. His name was inserted in the title of the proceedings; he was charged with acts prejudicial to the plaintiff; and relief was sought against him. All these are indications that he was treated as a party.

The motion is prematurely made, but as the question is new, it must be denied without costs and without prejudice.