LENA BAUMANN, Respondent, *v.* HENRY C. STEINGES-TER et al., Defendants, and MAGDALENA FUHGE, Appellant.

Will — action for construction — latent ambiguity in designation of legatees — when instructions of testatrix to attorney who drew will not privileged — erroneous exclusion of testimony of such attorney as to such instructions.

Where it appears by extrinsic evidence, in an action for the construction of a will, that there is a latent ambiguity in that the language used did not accurately designate either of two persons who claim to be one of the residuary legatees, parol evidence is

properly receivable in the effort to dissolve this ambiguity, and where, at the time testatrix gave instructions to her attorney for drawing the will, she was accompanied by a woman, who lived with her as a companion and housekeeper, who remained in the room and within hearing of such instructions, the communications of testatrix to her attorney were not made in confidence, and, hence, were not privileged. It was error, therefore, to exclude the testimony of such attorney, when asked as to the instructions he had received from the testatrix as to the legacies and the provisions for the residuary estate, upon the ground that they were privileged communications within the meaning of sections 835 and 836 of the Code of Civil Procedure.

*Baumann* v. *Steingester*, 159 App. Div. 923, reversed.

(Argued December 10, 1914; decided January 5, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 23, 1913, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John M. O'Neill* for appellant. The evidence having presented a case of latent ambiguity, parol evidence was admissible to identify the legatee intended by the testatrix. (*Matter of Woodward*, 117 N. Y. 526; Jarman on Wills [6th ed.], 434; *In re Taylor*, L. R. [34 Ch. Div.] 255; *Henderson* v. *Henderson*, I. R. [1 Ch. Div. 1904] 353; *Patch* v. *White*, 117 U. S. 210; *Tilton* v. *Society*, 60 N. H. 377; *Lefevre* v. *Lefevre*, 59 N. Y. 434; *Trustees* v. *Cosgrove*, 4 Hun, 362; *Du Bois* v. *Ray*, 35 N. Y. 162; *Gallup* v. *Wright*, 61 How. Pr. 286; *Bowman* v. *Domestic & Foreign Missionary Society*, 100 App. Div. 29; 182 N. Y. 494; *Matter of Isbell*, 1 App. Div. 158; *Matter of Wheeler*, 32 App. Div. 183; 161 N. Y. 652.) It was error to exclude the testimony of Mr. Keller as to the instructions he received from deceased. (*Matter of Chapman*,

27 Hun, 573; *Matter of Chase,* 41 Hun, 204; *Sheridan* v. *Houghton,* 16 Hun, 628; 84 N. Y. 643; *Matter of Pirie,* 133 App. Div. 431; 198 N. Y. 209; *People* v. *Buchanan,* 145 N. Y. 26; *Doheny* v. *Lacy,* 168 N. Y. 213; *Matter of Cunnion,* 201 N. Y. 131.)

*Anthony Darmstadt* for respondent. Testimony of Mr. Keller, an attorney, was properly excluded. (Code Civ. Pro. §§ 835, 836; *Matter of Cunnion,* 201 N. Y. 123; *Rintelen* v. *Shaefer,* 152 App. Div. 727.)

SEABURY, J. This action was commenced to obtain a construction of the last will of Maria Schadrack, deceased, and to have it adjudged that the plaintiff is the legatee described in subdivision 1 of paragraph "Third" of said will, and that she is one of the three residuary legatees referred to in paragraph "Sixth" of said will. The appellant, Magdalena Fuhge, answered and asked to have it adjudged that she is the legatee described in the two paragraphs of the will referred to above. The question at issue upon the trial related to the identity of the legatee referred to as "Lena Baumann" in the following paragraphs of the will. Subdivision 1 of paragraph third provides that the testatrix gives "The sum of $1,000 to my niece Lena Baumann of Richmond Hill in the County and Borough of Queens;" paragraph sixth provides that the testatrix gives "all the rest and residue of my estate to my three nieces, Helene Bang, Katherine Hainer, and Lena Baumann, to be divided among them share and share alike." The plaintiff is a grandniece of the testatrix, and at the time the will was made resided at Richmond Hill. The appellant is a niece of the testatrix, and her maiden name was Magdalena Baumann. There was evidence received upon the trial to show that the testatrix was accustomed to speak of her as "Lena Baumann," and that while she resided at the time the will was made at a place about one mile from Richmond Hill, the testa-

trix was also accustomed to refer to this place as "Richmond Hill." It thus appears that the language used in these two paragraphs of the will does not accurately designate either the plaintiff or the appellant. It does not accurately designate the plaintiff because the reference in the will is to a niece of the testatrix, and the plaintiff is a grandniece. It does not accurately designate the appellant because while her maiden name was Magdalena Baumann her name at the time the will was made was Magdalena Fuhge and she did not reside at Richmond Hill. These facts appearing by extrinsic evidence there was a latent ambiguity in the will. Parol evidence was properly receivable in the effort to dissolve this ambiguity. (*Lefevre* v. *Lefevre*, 59 N. Y. 434; *Matter of Taylor*, *Cloak* v. *Hammond*, L. R. [34 Ch. Div.] 255; *Henderson* v. *Henderson*, 1 Ir. Rep. [1905] 353.) In view of the unanimous affirmance by the Appellate Division of the judgment appealed from, the single question which survives for consideration in this court relates to the rulings of the Special Term excluding the evidence of the witness Kellar. Mr. Kellar was the attorney for the testatrix and was the draftsman of and a subscribing witness to her will. The testatrix, a woman about seventy years of age, called upon Mr. Kellar and gave him instructions as to the drawing of her will. With her on this occasion and present at the office of Mr. Kellar at the time was Mrs. Stiefhold. Mrs. Stiefhold lived with the testatrix and acted as companion and housekeeper. The instructions as to her will were given to Mr. Kellar in the presence of Mrs. Stiefhold, who, while within hearing, testified that she "did not pay very much attention." When Mr. Kellar was called as a witness he was asked as to the instructions he had received from the testatrix as to the legacies and the provisions for the residuary estate. The question was excluded under objection of the plaintiff and subject to the exception of the appellant. It thus becomes necessary to determine whether Mr. Kellar, the

attorney, should have been permitted to testify to com-
munications which took place between himself and his
client, the testatrix, in the presence of Mrs. Stiefhold.
This evidence should have been received and considered
by the court below. (*Doheny* v. *Lacy*, 168 N. Y. 213,
223; *People* v. *Buchanan*, 145 N. Y. 1, 26; *People* v.
*Hayes*, 140 N. Y. 484, 495; *Brennan* v. *Hall*, 131 N. Y.
160, 165; *Matter of Eckler*, 126 App. Div. 199, 203; *Peo-
ple* v. *Bloom*, 124 App. Div. 767; *Matter of Barnes*, 70 App.
Div. 523, 527; *Lecour* v. *Importers & Traders National
Bank*, 61 App. Div. 163, 168; *Matter of Smith*, 61
Hun, 101, 104; *Matter of McCarthy*, 55 Hun, 7, 11. See,
also, *People* v. *Andre*, 153 Mich. 531, 539; *Scott* v. *Ault-
man Co.*, 211 Ill., 612, 615; *Roper* v. *State*, 58 N. J. L.
420.) Mrs. Stiefhold was not present and acting in
the character of a confidential agent of the testatrix, nor
was her presence necessary to enable the parties to com-
municate with each other. No attempt was made by the
testatrix to prevent her hearing the communication
which she made to her attorney. The fact that Mrs.
Stiefhold did "not pay very much attention" to what
was said does not alter the situation. She was within
hearing and so far as the testatrix knew heard all that
was said. If the testatrix had desired her communication
with her attorney to be confidential she could have asked
Mrs. Stiefhold to withdraw from the room or have com-
municated with her attorney when Mrs. Stiefhold was
not present. She did not do either of these things, but
on the contrary gave her instructions to her attorney as
to the manner in which she wished to have her will
drawn, in the presence of Mrs. Stiefhold. The fact that
these instructions were given in the presence and in the
hearing of Mrs. Stiefhold is a circumstance indicative of
the fact that the communication was not made in con-
fidence. A third person even though a mere stranger or
bystander in whose hearing communications are made by a
client to an attorney may testify to such communications.

(*Jackson* v. *French*, 3 Wend. 337; *People* v. *Buchanan*, *supra*.) To allow a stranger or bystander who overhears such a conversation to testify to what he heard and at the same time preclude the attorney of the client from giving his testimony as to what occurred might often result unfairly to the client for whose protection the privilege is designed. The communication not being confidential the attorney is not privileged from disclosing it. Where there is no confidence reposed, no privilege can be asserted. In such cases the attorney is permitted to testify not because the privilege has been waived, but because the communication, not having been made in confidence, was not privileged. The privilege which exempts one from giving testimony, except in so far as it is embodied in statutory provisions, cannot be extended to cover cases not within the reason upon which the privilege rests. The provisions of sections 835 and 836 of the Code of Civil Procedure apply only to those communications which are confidential in their nature, and, therefore, these sections are without application to the facts of this case. In certain cases in other jurisdictions a distinction has been attempted which permits the third person hearing such communications to testify, but holds the attorney bound to secrecy. (*Gallagher* v. *Williamson*, 23 Cal. 332; *Blount* v. *Kimpton*, 155 Mass. 378; *Hartness* v. *Brown*, 21 Wash. 655.) Such a distinction is without support in the reasons underlying the privilege which rests not only upon the professional character of the employment, but also upon the confidential nature of the communication. Nor does the supposed distinction find support in the adjudications made in this state which are referred to above.

The statement made in the opinion in *Butler* v. *Fayerweather* (91 Fed. Rep. 458, 461) that "the circumstance that other witnesses were present at the time when the codicil is alleged to have been executed and published, even though they heard all that took place, and were

aware of the contents of the instrument, is wholly imma-
terial," is not an accurate statement of the rule prevail-
ing in this state and is not in accord with the authorities
already cited.

The judgment should be reversed and a new trial
granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, HOGAN,
MILLER and CARDOZO, JJ., concur.

Judgment reversed, etc.