In the Matter of Supplementary Proceedings: NEW YORK CREDIT MEN'S ASSOCIATION, Judgment Creditor, Respondent, v. JACOB SCHNEIDER and Others, Judgment Debtors, and DORA SCHNEIDER, Third Party, Appellant.— Order denying motion to vacate a subpœna in proceedings supplementary to judgment to examine a third party reversed on the law, with ten dollars costs and disbursements, and motion granted. Section 779 of the Civil Practice Act provides that examination of a third party may be had: (1) By order of the court " upon proof by affidavit that any person or corporation has, or that there is reason to believe that he or it has, property of the judgment debtor." This subdivision relaxes the old provisions of section 785 of the Civil Practice Act, which required proof that the third party " has personal property of the judgment debtor exceeding ten dollars in value, or is indebted to him in a sum exceeding ten dollars," so that such order may now be had upon proof " that any person or corporation has, or that there is reason to believe that he or it has," property of the judgment debtor. (2) By a subpœna issued by the creditor's attorney " at any time within two years from the recovery of such judgment * * * where such attorney has reason to believe that such third party has property of the judgment debtor exceeding ten dollars in value, or is indebted to him in a like sum." The law no longer requires, in advance of the examination under this subdivision, proof of the fact desired to be established, i. e., that the third party has possession of the debtor's property or is indebted to him; and a subpœna may be issued under subdivision 2 in the form prescribed by section 775. Where the right is challenged, as upon a motion to vacate the subpœna upon proper proof by the third party that he has no property of the debtor and is not indebted to him, the creditor must come forward with proof from which the court may reasonably infer that the party sought to be examined has property of the judgment debtor or is indebted to him. Young, Davis, Johnston and Adel, JJ., concur; Lazansky, P. J., dissents and votes to affirm. Article 45 of the Civil Practice Act was repealed and a new article under the same number was enacted for the purpose, in part, of omitting formality to enable a judgment creditor to reach the property of a judgment debtor with dispatch. If each time a subpœna is issued under subdivision 2 of section 779 of the Civil Practice Act, it is countered by a motion to vacate, an important purpose of

the new legislation will be impaired. For the third party to attend and be examined will give him less trouble and involve less expense than a formal motion to vacate. Subpœnas for attendance at a trial are issued by attorneys without restriction except good faith. So should they be issued under subdivision 2 of section 779 of the Civil Practice Act. Abuse of process may be readily remedied.