Per Curiam.

Special Term has vacated certain subpoenas directed to third parties in supplemenary proceedings upon the ground that when the third parties challenged the right to examine, stating that they had no property of the debtor, the creditor did not come forward with sufficient proof of the existence of such property. In granting the vacatur the Special Term relied upon the authority of New York Credit Men’s Association v. Schneider (247 App. Div. 896). The case cited was decided prior to the amendment to section 779 of the Civil Practice Act by chapter 694 of the Laws of 1941, which added present subdivision 3 thereto, reading as follows: “ 3. Such an order or subpoena shall not be vacated on any claim that the third party does not have such property or is not so indebted, as the case may be, if, in the case of an order there was a suffi *328 cient showing made to the court at the time the order was granted, and in the case of a subpoena the judgment creditor shall show, that the judgment creditor or his attorney had reason to believe, at the time the order was granted or the subpoena was issued, that the third party had such property or was so indebted.”
In view of the provisions of the new subdivision and the facts set forth in the affidavits submitted by the judgment creditor we find that the vacatur was improper.
Nor may the vacatur be sustained upon the basis of the attempted collateral attack made upon the judgment. There does not appear to have been any want of jurisdiction in the court entering the judgment either as to the persons or the subject matter.
The order should be reversed, with $20 costs and disbursements to the appellant and the motion denied.
Mabtin, P. J., Glennon, Dobs, Callahan and Van Voobhis, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion denied. Settle order on notice.