Matthew M. Levy, J.
This is a motion by a third party to vacate a subpoena for her examination, issued by the attorney for the judgment creditor. The subpoena is grounded upon the allegation that ‘ ‘ the undersigned has reason to believe that the said third party — has property of the judgment debtor exceeding ten dollars in value — is indebted to the judgment debtor in an amount exceeding ten dollars ” (Civ. Prac. Act, § 779, subd. 2). In support of her motion, the third party submitted an affidavit in which she categorically denied owing the judgment debtors any money or that she has any of their property.
Gompers on Supplementary Proceedings (4th ed. [1944], p. 108) states that the “ statute no longer requires in advance of examination under this section of the Civil Practice Act, proof or [of?] fact desired to be established, namely, that third party has possession of debtor’s property or is indebted to him * * * [The] creditor must come forward with proof where right of examination is challenged ”. And, on page 91, the author states that ‘ ‘ where third party claims to have no property of debtor, creditor has the burden of showing facts entitling him to examine such third party”. The authority cited for the text is New York Credit Men’s Assn. v. Schneider (247 App. Div. 896, appeal dismissed 273 N. T. 625). It would appear to me that, under the case noted, the holding is more accurately stated to be that the subpoena need not be vacated *277 where the judgment creditor comes “ forward with proof from which the court may reasonably infer that the party sought to be examined has property of the judgment debtor or is indebted to him ”(New York Credit Men’s Assn. v. Schneider, supra).
Applying this rule — so stated — to the case at bar, I find that the facts submitted in the affidavit of the judgment creditor’s attorney are sufficient on which to base such reasonable inference. The facts there presented indicate that the third party should be required to appear for examination. Her mere denial that she has property belonging to the debtors or that she is indebted to them should not, in the circumstances, deprive the judgment creditor of the right to establish that she does in fact have such property, and to stay its disposition in the meanwhile, or to show that she is in fact a debtor of the judgment debtors, and in the meanwhile to stay payment of the indebtedness to them (Civ. Prac. Act, § 781). That the judgment creditor has not fully revealed all of the information available to her — as indicated in the opposing affidavit — does not defeat the right to the issuance of the subpoena.
Moreover, the case cited by Gompers was decided prior to the 1941 amendment (L. 1941, ch. 694) to section 779 of the Civil Practice Act, Avhich added the present subdivision 3 thereto, reading as follows: “ 3. Such an order or subpoena shall not be vacated on any claim that the third party does not haA^e such property or is not so indebted, as the case may be, if, in the case of an order there Avas a sufficient showing made to the court at the time the order Avas granted, and in the case of a subpoena the judgment creditor shall show, that the judgment creditor or his attorney had reason to believe, at the time the order Avas granted or the subpoena was issued, that the third party had such property or was so indebted.”
In the instant case, the attorney for the judgment creditor has presented facts in his ansAvering affidavit sliOAving that he had adequate reason to believe that the third party had property of, or Avas indebted to, the judgment debtors, and this is sufficient (Matter of Isaacs v. Isaacs, 272 App. Div. 326).
Accordingly, the motion to vacate the subpoena is denied, and the third party is directed to appear for examination on November 28, 1956, at 10:00 a.m., at Special Term, Part II of this court, and to produce the records specified in such subpoena. An order has been signed to that effect.