Harold J. Crawford, J.
This is an application to vacate a subpoena to examine the attorney for the judgment debtors as a witness and to vacate a subpoena to examine the same person as a third party.
*635 The movant, the attorney for the judgment debtors, in support of the motion argues that the subpoenas should be vacated since examinations are sought relating to matters as to which the movant represented the judgment debtors as an attorney inasmuch as section 353 of the Civil Practice Act bars disclosure of such matters as privileged. Furthermore, the movant contends no witness fees were tendered or paid to him when the subpoenas were served as required by sections 404 and 782 of the Civil Practice Act. Therefore, the service of said subpoenas is void. Finally, he argues in a reply affidavit submitted herewith that the judgment creditor has not made a showing by affidavit or otherwise that he has any property of the judgment debtors.
The mere fact that a prospective witness is an attorney for one of the parties in a controversy does not bar his examination. (See Berkliff Undergarment Corp. v. Weissman, 277 App. Div. 964.) It was held in Castiglione v. State of New York (8 Misc 2d 932) that an examination before trial of an attorney will not be denied in an instance where privilege is claimed. The court stated in substance at page 933 that the practice is to proceed with the examination and to raise the question of privilege at the point where it appears that the witness is about to be asked a question which may disclose a confidential communication. The court is of the opinion that this procedure should be adopted with respect to examinations in supplementary proceedings. (See, for example, Matter of Michel Plumbing & Heating Corp. v. Randall Ave. Theatre Corp., 179 Misc. 998.) It may be that the attorney would be able to supply information which is not privileged inasmuch as the prohibition in section 353, which prevents an attorney from disclosing a communication made to him by a client or the advice given thereon does not extend to money or property received by or in the custody or control of the attorney, for he merely becomes the agent of his client with respect thereto. (Matter of Feinberg, 185 Misc. 862.)
It is not denied that the movant was neither paid nor tendered witness fees when the subpeenas in the case at bar were served. Inasmuch as a witness in a supplementary proceeding is entitled to such fees (Davis v. Turner, 4 How. Prac. 190), the motion as it relates to vacating the subpoena to examine the movant as a witness is granted. (Schwartz v. Shapiro, 195 Misc. 969.) This disposition is without prejudice to the proper service of a subpoena to examine the movant as a witness. No witness fees, however, are required to be paid in connection with a third-party subpoena issued pursuant to section 779 of the Civil Practice Act inasmuch as the person served becomes a party to the supplementary proceeding and is not a witness. (Matter of Howe v. *636 Stuart, 68 Misc. 352, citing section 2441 of the Code of Civil Procedure, now section 779 of the Civil Practice Act.) The fact that the judgment creditor has not come forward with facts tending to establish that it had reason to believe that the third party had property belonging to the judgment debtors is not material since the challenge to the third-party subpoena herein was not made upon the basis that the third party does not have funds belonging to the judgment debtors. (See, generally, Latona v. Aquino, 4 Misc 2d 276.)
Accordingly, the motion as it relates to the third-party subpoena is denied.