Matthew M. Levy, J.
This is a motion by the plaintiff, pursuant to CPLR 2304, for an order quashing the subpoena duces tecum served upon it by one of the defendants, calling for the production of certain documents upon the trial of this suit (which trial is now in progress before a jury and me). The subpoena requires the plaintiff to produce “ any and all memoranda made by Thomas A. Dunlap, of Ford Motor Co. [the plaintiff], at or about March 1960, addressed to Robert W. Scott, Esq., of Ford Motor Co., being the memoranda referred to in the deposition of Thomas A. Dunlap of Ford Motor Co., in this action at or about pages 112-118. ’ ’ A reading of the pages of the transcript referred to in the subpoena does not indicate that there were any such memoranda; but the parties have proceeded on this application as if there were such documents, and, for the purposes of this motion, so shall I.
The complaint herein, as amended, sets forth causes of action for breach of contract, breach of warranty, negligence and fraudulent misrepresentation. Involved is the installation of certain vinyl tile flooring in a number of buildings under construction for the plaintiff. The defendants are the contractor, the architect and the materialman, respectively. The basic agreements in issue were entered into in 1955 and 1956. Certain failures in the tile are alleged to have occurred beginning in June of 1958. In February, 1960, investigation was undertaken by and under the direction of Scott, an attorney *545 in the regular employ of the plaintiff in Michigan. He was responsible for the handling and conduct of various litigation matters in which the plaintiff was concerned. He was specifically charged with responsibility for the investigation of facts in connection with this matter and all of the preparation for litigation prior to the retention of New York counsel in 1961.
It appears that Scott had prepared a memorandum of the facts based upon files and discussions with employees of the plaintiff and interviews with others; that he had asked representatives of the plaintiff’s plant engineering office to check the facts therein delineated, and then had received the memoranda from Dunlap replying to that request. Scott ultimately prepared a memorandum for the plaintiff’s assistant general counsel with respect to the issues and facts of the case.
The grounds projected by the plaintiff in support of its motion to quash the subpoena are two —both based on privilege (cf. CPLR 3101, subd. [b]): that of attorney-client relationship (CPLR 4503, subd. [a]), and that of an attorney’s work product (CPLR 3101, subd. [e]). Both necessarily center around .the status of Scott vis-a-vis the. plaintiff, and, on that issue, neither party has cited any precedent in this State in point, although they both correctly agree that a corporation may as a client assert the privilege (American Law Institute, Model Code of Evidence, rule 209; Uniform Rules of Evidence, rule 26, subd. [3]; 9A Uniform Laws Ann., p. 613).
I do not, however, agree with the contention of the defendant that the fact, without more, that the attorney is employed in the plaintiff corporation’s legal department, as distinguished from being a specially retained outside counsel, vitiates the client-attorney privilege. Rather, I go along with Professor Pye, Dean of Duke University School of Law, when he says that “ The facts that house counsel are paid annual salaries, occupy the corporation’s buildings, are employees rather than independent contractors, and give advice to one regular client rather than a number of clients are not significant distinguishing characteristics insofar as the availability of the privilege is concerned ”; and that, insofar as the issue has been judicially resolved, “the courts have refused to deny categorically the availability of the privilege to the corporation-house counsel communication”, citing United States v. United Shoe Mach. Corp. (89 F. Supp. 357, 360); Heininger, The Attorney-Client Privilege as it Relates to Corporations (53 Ill. Bar J. 376, 378-379); Zenith Radio Corp. v. Radio Corp. of Amer. (121 F. Supp. 792, 794); American Cyanamid Co. v. Hercules Powder Co. (211 F. Supp. 85); Bereton, Pye and Withrow, “The *546 Attorney-Corporate Client Privilege ” (The Record, Assn. of Bar of City of N. Y. [vol. 24, No. 4] 230, 234, April, 1969).
“ When [as in the instant case] a lawyer requests factual information from a client, it is ordinarily assumed [unless there is evidence otherwise] that the same is to be evaluated for a legal purpose ” and is thus privileged, even though “ the privilege is not lightly to be extended to business matters ” (United States v. Aluminum Co. of Amer., 193 P. Supp. 251, 253). There is no proof in the case at bar, as urged arguendo by the defendant, that the plaintiff had “ funnel[ed] its papers and documents into the hands of its lawyers for custodial purposes and thereby [had sought to] avoid disclosure ” (Radiant Burners v. American Gas Assn., 320 P. 2d 314, 324, cert. den. 375 U. S. 929). Nor is there any showing that Scott had acted in this matter as an employee in the mechanical or administrative or business departments of the plaintiff, or in any way other than within the ambit of his profession as a member of the Bar. On the contrary, it clearly appears that the memoranda sought by the subpoena are part of the data and information given as confidential communications by the plaintiff’s responsible plant engineering employee (Dunlap) to the plaintiff’s attorney (Scott) “ with a bona fide intention” of being laid before the lawyer for his legal analysis and advice as to this very prospective litigation (Danisch v. Guardian Life Ins. Co., 18 F. R. D. 77, 80).
In Georgia-Pacific Plywood Co. v. United States Plywood Corp. (18 F. R. D. 463, 464) the United States District Court for the Southern District of New York ruled that because counsel is a “ corporate employee rather than an autonomous lawyer does not exclude him from the position of ‘ attorney ’ Avithin the privilege. House counsel are required to have the same degree of training, skill, knowledge and professional integrity as outside counsel. [Citing cases.] The primary requirement is the same for both, that ‘ in connection with this communication ’ they act as lawyers. Communications dealing exclusively with the solicitation or giving of business advice, or with the technical engineering aspects of patent procurement or with any other matters which may as easily be handled by laymen are not privileged.” (Citing cases.)
I hold, in the circumstances disclosed by this record, that this is priAdleged material, and, accordingly, the motion to quash is granted.