■ MARY PLATT, Respondent, v. BANK OF NEW YORK, as Executor of JOHN G. HEMERICH, Deceased, Appellant.— In this action *inter alia* to recover damages for breach of an alleged contract of defendant's testator to make a bequest to plaintiff, defendant appeals from an order of the Supreme Court, Nassau County, entered May 3, 1972, which granted plaintiff's motion (1) to examine before trial a certain witness, Leon Schaefler, who is a lawyer, and (2) to issue a subpoena to compel said witness to attend and to produce prior wills, correspondence and documents. (Defendant's appeal from a second order of said court, dated August 22, 1972, was dismissed by order of this court dated November 28, 1972.) Order entered May 3, 1972 modified (1) by striking the words "in all respects" from the first decretal paragraph thereof and inserting, immediately after the word "granted" in said paragraph, the words "to the extent set forth below"; and (2) by striking from the second decretal paragraph thereof everything which follows the matter directing that a subpoena may be issued for the witness' examination "as a witness in this action" and substituting therefor the following: "limited to the following issues: Whether defendant's decedent in the presence of a person other than an attorney at law, or an employee of Mr. Schaefler, discussed with Mr. Schaefler his testamentary plan concerning plaintiff and, if such discussion was had, the nature and substance thereof; and whether Mr. Schaefler, as the decedent's attorney, prepared any will or other document under the decedent's instructions which the decedent signed embracing such discussed testamentary plan; and, if a will or other document was signed by the decedent embracing a testamentary plan which might thus have been discussed under the above-mentioned circumstances, the subpoena may include a direction to produce such document if it is in the custody or control of Mr. Schaefler." As so modified, order affirmed, without costs. In our opinion, the delivery by Mr. Schaefler in a sealed envelope to the Bank of New York, for custody and safekeeping of a will prepared by him and executed by the decedent, did not constitute a waiver by the decedent of the attorney-client privilege involved in any communication by him to Mr. Schaefler pertaining to the will. However, the record here discloses (a) that there may have been a conference in May, 1957, or prior thereto, among the decedent, Mr. Schaefler as the decedent's attorney, and another person who was not employed by Mr. Schaefler and who was not an attorney at law, concerning the decedent's testamentary plan for plaintiff and (b) that at such conference a testamentary plan involving plaintiff may have been discussed. If such conference was had in the presence of a person who was not an attorney at law or any employee of Mr. Schaefler, in our opinion, the communication was not privileged (cf. *Baumann* v. *Steingester*, 213 N. Y. 328, 333; *Doheny* v. *Lacy*, 168 N. Y. 213; *Workman* v. *Boylan Buick*, 36 A D 2d 978; *Brunswick Corp.* v. *Aetna Cas. & Sur. Co.*, 27 A D 2d 182, 183; 8 Carmody-Wait 2d, New York Practice, § 5:86; Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4503.15–4503.16). Under all of the circumstances shown, we feel the limited pretrial examination of Mr. Schaefler as a witness is warranted. Hopkins, Acting P. J., Munder, Christ, Brennan and Benjamin, JJ., concur.