*979 OPINION OF THE COURT
Charles H. Cohen, J.
This is a motion "for an order pursuant to CPLR 5240 vacating and setting aside the restraining notice to garnishee and quashing the information subpoena” which had been served by the plaintiff-judgment-creditor against Seavey, Fingerit & Vogel. While these attorneys identify themselves as "attorneys for the defendants herein”, they also appear to be making this motion as the garnishee (CPLR 105, subd [i]) with respect to the restraining notices (CPLR 5222) and as the person served with respect to the information subpoenas (CPLR 5224, subd [a], par 3).
These attorneys apparently represented two corporate judgment debtors against which the plaintiff-judgment-creditor has obtained a judgment. This motion is made upon the ground that the information sought is protected by the attorney-client privilege now embodied in CPLR 4503, which reads in part as follows: "Unless the client waives the privilege, an attorney or his employee, of any person who obtains without the knowledge of the client evidence of a confidential communication made between the attorney or his employee and the client in the course of professional employment, shall not disclose, or be allowed to disclose such communication, nor shall the client be compelled to disclose such communication, in any action, disciplinary trial or hearing, or administrative action, proceeding”.
This privilege is clearly inapplicable with respect to a restraining notice. Such a notice forbids the garnishee "to make or suffer any sale, assignment or transfer of, or any inference with, any such property, or pay over or otherwise dispose of any such debt” (CPLR 5222, subd [b]). It does not seek the disclosure of "a confidential communication” (CPLR 4503) or of any other communication. It merely serves "the purpose of preventing the third person or garnishee from surrendering the debtor’s assets pending obtaining of a turnover order.” (City of New York v Panzirer, 23 AD2d 158, 162-163; see, also, Matter of Sumitomo Shoji N Y. v Chemical Bank N. Y. Trust Co., 47 Misc 2d 741, 744; Plaza Hotel Assoc, v Wellington Assoc., 84 Misc 2d 777, 780.)
With respect to an information subpoena, however, the privilege may apply. A judgment creditor may very well be seeking "evidence of a confidential communication” by means of an information subpoena. Since the use of an information *980 subpoena arises out of the action which gave rise to the judgment (Sulil Realty Corp. v Rye Motors, 45 Misc 2d 458, 460, affd 47 Mise 2d 715), it may be regarded, for purposes of the privilege, as an attempt to seek discovery in an "action” within the meaning of CPLR 4503.
At the outset, the court notes that the plaintiff-judgment-creditor points out that each "client” in this case is a defunct corporation and seems to argue that as a consequence of that fact the privilege is inapplicable. Yet, the privilege applies to a corporation as well as to other persons. While the privilege seems to have arisen originally as one for the benefit of the attorney (8 Wigmore, Evidence [2d ed], § 2290), it is now regarded as being "designed to enable any and all persons who invoke the aid and advice of lawyers to present their cases freely and fully and with the absolute assurance that the relation between them and their legal advisers shall be treated by the latter as strictly confidential, and that the relation thus established shall remain forever inviolable.” (Kitz v Buckmaster, 45 App Div 283, 285, mot for lv to app den 47 App Div 633; see, also, Hurlburt v Hurlburt, 128 NY 420, 424.) In view of this rationale for the existence of the privilege, it must be deemed applicable to a corporate client as well as to others. (See Ford Motor Co. v Burke Co., 59 Misc 2d 543.) Indeed, CPLR 4503 does not distinguish between corporations and other persons. It uses the broad term "client” without qualification. (For a full discussion of this privilege with respect to corporations, see Radiant Burners v American Gas Assn., 320 F2d 314, cert den 375 US 929; Simon, The Attorney-Client Privilege as Applied to Corporations, 65 Yale LJ 953; A Critical Examination of Some Evidentiary Privileges: A Symposium, 56 NW Univ L Rev 206, 235, 241; see, also, Ann. 98 ALR2d 241.)
That the judgment debtor corporations are "defunct and no longer functioning or operating” would not preclude the invocation of the privilege. Each apparently continues to exist as a legal entity. Yet, even if a defunct corporation were to be equated with a deceased individual, the privilege would continue to exist since it is clear that the privilege continues to exist after the death of an individual client. (Matter of Matheson, 283 NY 44; Matter of Cunnion, 201 NY 123; Downey v Owen, 98 App Div 411, 419; Matter of Olson, 73 NYS2d 876, 878.)
The argument made in opposition to this motion to the *981 effect that the privilege "should be raised by the client, not by the attorney” and therefore the claim of privilege is improperly asserted, is without substance. The privilege belongs solely to the client and can be waived only by the client. (People v Shapiro, 308 NY 453, 459.) "A communication which is privileged when made remains privileged forever, unless the privilege is waived by the client”. (Mileski v Locker, 14 Misc 2d 252, 255.) However, the privilege may be raised by anyone (Bacon v Frisbie, 80 NY 394; Renoux v Geney, 33 Misc 782; Mileski v Locker, 14 Misc 2d 252, 256, supra; Matter of Olson, 73 NYS2d 876, supra), and certainly by the attorney (Kenny v Cleary, 47 AD2d 531, 532; Matter of Walsh, 154 NYS2d 987). Indeed, an attorney who in bad faith discloses a confidential communication protected by the privilege may even be subject to censure. (Matter of Metrik, 19 AD2d 34.)
Having decided that the question of privilege has been properly raised and is applicable to any confidential communications between the corporate judgment debtors and their attorneys, consideration must be given to the specific information sought by the information subpoenas in order to determine whether evidence of a "confidential communication” is actually being sought. The questions propounded in these subpoenas fall into three categories. The first, appearing in questions Nos. 1, 2 and 4, relates to whether the named attorneys hold any money in escrow on behalf of or in connection with each defendant. The second, appearing in questions Nos. 3 and 4, relates to whether anyone else holds any moneys in escrow on behalf of each defendant. In each of these categories, a copy of any agreement setting forth the conditions of the escrow is requested. The third, appearing in question No. 5, relates to whether the attorneys "have any matters pending in their office” on behalf of a defendant; and if so, asks for the "name” of such matters, the courts in which they are pending and a description thereof.
The court notes that the burden of showing the existence of circumstances justifying the recognition of the privilege is upon the party asserting it. (Bloodgood v Lynch, 293 NY 308, 314.) Further, the scope of the privilege has been narrowly construed to restrict its impact. (Arnold Constable Corp. v Chase Manhattan Mtge. & Realty Trust, 59 AD2d 666; Finn v Morgan, 46 AD2d 229, 234.) Yet, in attempting to invoke the privilege, the attorneys, after referring to the information sought, merely state "that to divulge any or all of this infor *982 mation would be a serious breach of the attorney-client relationship.”
In considering the first category, it must be noted that in order for a communication to be privileged, it must be a "confidential” communication. Accordingly, the presence of a third party deprives the communication of protection. (Baumann v Steingester, 213 NY 328; Matter of Cunnion, 201 NY 123, supra; Finn v Morgan, 46 AD2d 229, 235, supra) Thus, even assuming that a question relating to the attorneys’ holding money in escrow is a "communication”, it is not a "confidential” communication by reason of the very nature of the escrow. If the attorneys are holding money "in escrow on behalf of or in connection with” a defendant-judgment-debtor, they are holding it in trust for at least one party other than the defendant-judgment-debtor to be delivered upon the happening of some event or the performance of some condition. (Farago v Burke, 262 NY 229, 233; Braman v Bingham, 26 NY 483, 492.) Indeed, in holding money in escrow, it does not appear that the attorneys are acting as attorneys at all. They are merely acting as escrow agents. Attorneys holding money for clients may be required to disclose that fact since they are acting as agents for the client in a capacity which is not within the scope of professional employment. (Matter of Circle Floor Co. v Siltan Corp., 36 Misc 2d 634; Matter of Feinberg, 185 Misc 862; Michel Plumbing & Heating Corp. v Randall Ave. Theatre Corp., 179 Misc 998; see, also, Matter of Levinsky, 23 AD2d 25, 31.) Simply stated, the disclosure of whether or not money is being held in escrow does not involve the giving of evidence of a "confidential” communication made "in the course of professional employment” (CPLR 4503, subd [a]).
The second category differs from the first category in that the attorneys here would not be acting as escrow agents for their clients. The question here relates to escrow money held by others in which the judgment debtors may have an interest. While it is conceivable that the attorneys may have learned of any such escrow money by means of a confidential communication received from their clients, they do not say so, limiting themselves to the general statement quoted above. As already noted, the burden is upon the person asserting the privilege to show the existence of circumstances justifying the recognition of the privilege. (Bloodgood v Lynch, 293 NY 308, 314, supra.) Since the attorneys do not set forth any facts indicating that any such information was received by them *983 "in the course of professional employment” and it is not the kind of information which they would necessarily have received as a confidential communication in the course of professional employment, the court finds that the information requested under this second category is not privileged. (Cf. Arnold Constable Corp. v Chase Manhattan Mtge. & Realty Trust, 59 AD2d 666, supra.) Moreover, to the extent that the judgment creditor is seeking a copy of any agreement setting forth the conditions of the escrow, the judgment creditor would be entitled to any such agreement in any event. This is for the reason that the contents of an escrow agreement made among the judgment debtor, the escrow agent, and the third party would not constitute a confidential communication. (Baumann v Steingester, 213 NY 328, supra; Matter of Cunnion, 201 NY 123, supra; Finn v Morgan, 46 AD2d 229, 235, supra.) Since the client could be compelled to produce any such escrow agreement, the attorney may also be compelled to produce it. (Matter of LeFever v Lefkowitz, 18 Misc 2d 278, app dsmd 6 AD2d 998.)
With respect to the third category, "matters” pending in the attorney’s office, the court assumes that this refers to litigated matters since the information sought includes "the Courts they are pending in.” (The disclosure of the existence of nonlitigated matters may or may not be subject to the privilege depending on whether or not these matters are such that they involve dealings with other parties. Of course, the discussions between the attorney and client and the advice given would not be subject to disclosure in any matter, litigated or not.) The existence of litigated matters and a description thereof cannot constitute a confidential communication since they involve other persons. That is to say, if a litigated matter exists, its existence cannot be confidential since its existence is necessarily known to the other party or parties to the litigation. (Baumann v Steingester, 213 NY 328, supra; Matter of Cunnion, 201 NY 123, supra; Finn v Morgan, 46 AD2d 229, 235, supra.) Significantly, this is recognized in the moving affidavit in which it is stated that "the request to supply the plaintiff with litigation records can easily be obtained through perusal of the public record.” If a litigated matter is in the public record, its existence cannot constitute a confidential communication.
The motion is denied.