■ ERIC J. OPPENHEIMER, as Receiver, Respondent, v OSCAR SHOES, INC., Defendant. ALAN J. POMERANTZ, Appellant. — Order of the Supreme Court, Bronx County (Silbowitz, J.), entered December 11, 1984, adjudging nonparty witness, a New York attorney, guilty of contempt pursuant to CPLR 5251, for failure to answer questions sought under a subpoena served in connection with a supplementary proceeding under CPLR 5224 (a) (1), is reversed, on the law, without costs or disbursements, and the matter remanded to Special Term for an express finding as to whether or not the attorney's conduct "was calculated to, or actually did, defeat, in part, impede or prejudice the rights or remedies of the Receiver."

On October 29, 1973, plaintiff, the receiver in foreclosure of a parcel of property, commenced an action against Oscar Shoes, Inc. (hereinafter Oscar Shoes) seeking a judgment for rent. The appellant, Pomerantz, was the attorney for Oscar Shoes, among others. Thereafter, in a supplementary proceeding, plaintiff served a subpoena upon the appellant to aid in the collection of the judgment. Although Pomerantz answered most of the questions, he refused to answer 17 of them, alleging that they dealt with confidential communications.

In addition to questions concerning Oscar Shoes directly, counsel for plaintiff asked questions about a concern called Benco, as well as the principals of both Oscar Shoes and Benco, inasmuch as plaintiff believed that Benco had received substantial assets from Oscar Shoes and hence would also be responsible for the judgment debt. Upon the failure of Pomerantz to answer

these questions, the receiver for plaintiff moved to punish Pomerantz for contempt. Special Term, thereupon, held him in contempt for failure to answer the questions and fined him $250.

The order appealed from must be deemed defective because it does not satisfy the requirements of the Judiciary Law. In a case of civil contempt, the court must expressly find that the person's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party to a civil proceeding (Judiciary Law § 753; *Powell v Clauss,* 93 AD2d 883). There was no such determination made by Special Term. Pursuant to Judiciary Law § 770, a recital to that effect would be necessary for an adjudication of contempt (*see, Federal Deposit Ins. Corp. v Richman,* 98 AD2d 790, 792).

Nevertheless, Special Term was correct in rejecting appellant's contention that he was not obliged to answer the questions because they were embraced by the attorney-client privilege.

The first cluster of questions related to the receipt of money. Confidentiality has been held not to apply to fee arrangements between attorney and client. It is considered not to be directly relevant to legal advice which may be given, hence it is simply a collateral matter (*see, Matter of Priest v Hennessy,* 51 NY2d 62, 69).

The second cluster of questions concerned the terms of appellant's retainer agreement with Oscar Shoes. Since the terms of legal retainers are not protected by privilege, these questions, likewise, must be answered by the appellant (*see, People v Belge,* 59 AD2d 307, 308).

The third cluster of questions sought information as to whether appellant had represented any of the principals of Oscar Shoes as individuals. Again, as the receiver asked no more than whether or not the appellant had represented certain persons and, if so, to identify the matters in which he was so retained, but did not require him to disclose any communications, appellant may be required to answer these questions (*Baumann v Steingester,* 213 NY 328).

Finally, the fourth cluster of questions dealt with the names of the officers and directors of Benco and the address of Benco. The identity of a client is not privileged, as a general rule. Furthermore, since those names are known to third parties, they are, additionally, not privileged. Thus, no attorney-client privilege exists with reference to any of the 17 questions and the appellant may be required to answer them. Concur — Kupferman, J. P., Sullivan, Asch, Kassal and Ellerin, JJ.