OPINION OF THE COURT
Phyllis Gangel-Jacob, J.
Plaintiff, a judgment creditor, moves for an order punishing defendant’s attorney, Abraham M. Mordowitz, for contempt for failing to comply with an information subpoena served pursuant to CPLR 5223, which sought information about the assets of defendant, the judgment debtor. Mr. Mordowitz *351 opposes the motion on grounds that the information requested in the subpoena is covered by the attorney-client privilege.
The attorney-client privilege "exists to ensure that one seeking legal advice will be able to confide fully and freely in his attorney, secure in the knowledge that his confidences will not later be exposed to public view to his embarrassment or legal detriment.” (Matter of Priest v Hennessy, 51 NY2d 62, 67-68 [1980].) An attorney may only assert the privilege to prevent disclosure of (1) a communication from the client her/ himself to the attorney, (2) in confidence with no strangers present, (3) for the purpose of securing an opinion on the law or legal services or representation, and (4) only if the client did not waive the privilege. (CPLR 4503; People v Belge, 59 AD2d 307, 309 [4th Dept 1977].) Moreover, privileged communications made in pursuit of legal advice and representation in an action are still privileged when an information subpoena is served after judgment, if the client did not waive the privilege. (Randy Intl. v Automatic Compactor Corp., 97 Misc 2d 977, 979-980 [Civ Ct, Queens County 1979].) Neither party to this case argues that defendant, the client, waived the privilege. Thus, if the privilege is in effect, the attorney may assert it. (Randy Intl. v Automatic Compactor Corp., 97 Misc 2d, at p 981.)
Plaintiff cites National Chain Co. v Aurotone Precious Metals (NYLJ, Oct. 8, 1985, p 11, col 2 [Sup Ct, NY County]) in which the court found that none of the questions on an information subpoena, which was very much like plaintiff’s subpoena in the instant case, called for privileged information. This court agrees with the court in National Chain that the subpoena must be analyzed question by question to determine whether any question seeks privileged communications; however, this court finds that some questions do request privileged information received from defendant, and Mr. Mordowitz need not answer these questions.
Question 1 on the information subpoena asks whether Mr. Mordowitz is holding any money and/or property on defendant’s behalf. The attorney-client privilege does not apply to this information because an attorney holds funds or property in escrow in his capacity as escrow agent rather than as attorney providing legal advice or representation. (Matter of Circle Floor Co. v Siltan Corp., 36 Misc 2d 634, 635 [Sup Ct, Queens County 1962]; Randy Intl. v Automatic Compactor Corp., 97 Misc 2d, at p 982.)
*352 Question 2 on the subpoena asks whether Mr. Mordowitz is indebted to the defendant. Such a debt would probably consist of retainer fees paid in anticipation of legal services that were not provided. An attorney’s retainer or fee arrangement with a client is a matter collateral to the provision of legal services, and is not privileged. (Matter of Priest v Hennessy, 51 NY2d, at p 69; Oppenheimer v Oscar Shoes, 111 AD2d 28, 29 [1st Dept 1985].)
Question 3 asks for the names and home addresses of: all parties known to be indebted to defendant or holding money and/or property in escrow on defendant’s behalf, all banks in which defendant has or had an account, defendant’s accountant, and defendant corporation’s officers and directors. A client’s name is not privileged; thus, the names of defendant’s officers and directors may be disclosed. (Oppenheimer v Oscar Shoes, 111 AD2d, at p 29.) The client’s address communicated directly by the client rather than third parties is privileged, however. (Potamkin Cadillac Corp. v Karmgard, 100 Misc 2d 627, 631 [Civ Ct, NY County 1979].)
The other information requested in question 3 is privileged to the extent Mr. Mordowitz obtained it only from his client rather than from a third party for the purpose of obtaining legal advice or representation. (Matter of Grand Jury Subpoena [Bekins Stor. Co.], 118 Misc 2d 173, 179 [Sup Ct, NY County 1983], affd 94 AD2d 643, revd on other grounds 62 NY2d 324 [1984].) Information communicated by the client to the attorney in confidence does not lose its privileged status because a third party also knows the information. Most people seek legal advice about occurrences or transactions with third parties; thus, most information transmitted by clients to attorneys concerns events or facts that another person knows. If the client gives information about a bank account, certainly the bank also knows what the account contains. But this is quite different from the bank’s giving the information to the attorney, or from a third party’s being present during the client’s discussion with the attorney, as in Baumann v Steingester (213 NY 328, 332-333 [1915]). However, a client may not insulate information from disclosure by conveying it to an attorney when the information is not relevant to the attorney’s rendering of legal assistance.
Question 4 asks Mr. Mordowitz to identify all litigation to which defendant is a party, and to provide the names and addresses of defendant’s attorneys in these matters. A client may give his or her attorney information about other litiga *353 tion involving the client, for example, to ascertain whether the pending litigation might affect the attorney’s recommendations of future legal action. The fact that the information is also available in the public record does not remove the privilege. Nevertheless, all the elements of the privilege must exist; for instance, information that the attorney acquired from other attorneys or from the public record would not be privileged, nor would information about other litigation in which the subpoenaed attorney also represents the client, because the attorney did not obtain these facts from the client. Thus, the information sought in question 4 is privileged to the extent Mr. Mordowitz obtained it in confidence from defendant in pursuit of legal advice.
Finally, question 5 asks Mr. Mordowitz to identify any documents he prepared for defendant. The question does not seem to request drafts of documents, which might well be privileged (Matter of Grand Jury Subpoena [Bekins Stor. Co.], 118 Misc 2d, at p 179), consequently, the court assumes that plaintiff requests executed documents. Executed documents are not usually meant to be confidential, but rather, to be used to "establish rights or to impose liabilities enforceable in the public domain”. (National Chain Co. v Aurotone Precious Metals, NYLJ, Oct. 8, 1985, p 11, cols 2, 3, supra.)
The court finds, therefore, that the information requested by questions 1, 2 and 5, and question 3’s request for the names of defendant’s officers and directors are not privileged. The remainder of question 3 and question 4 are privileged to the extent Mr. Mordowitz obtained the information directly from the client with no third party present, for the purpose of obtaining legal representation or advice.
The court denies plaintiff’s motion, with leave to renew it if Mr. Mordowitz does not answer the questions within 30 days after plaintiff serves him with a copy of this order and notice of entry. Plaintiff may put all the questions to Mr. Mordowitz; however, he need answer most of question 3 and question 4 only with information he received from or in the presence of third parties, or for a purpose unrelated to legal counsel or representation.