OPINION OF THE COURT
David J. Mahoney, J.
This memorandum decision addresses the petitioner’s request for an order (1) punishing the respondent, Andrew F. Capoccia Law Center, L. L. C., for contempt of court on the ground that the respondents have refused and willfully neglected to respond to an information subpoena and property execution; (2) directing respondents Capoccia, and respondent Bank to pay over and deliver to the petitioner the principal sum of $2,603.26 with interest and costs; and (3) awarding costs incurred in this action.
*144 By way of background, the petitioner and judgment creditor obtained a judgment against respondent and judgment debtor, Gaspere Arnone, through the City Court of Buffalo in the amount of $2,603.26. That judgment was docketed in the Erie County Clerk’s Office on March 15, 1999.
Respondents, Andrew F. Capoccia Law Center, L. L. C. and Andrew F. Capoccia, Esq., acted as attorneys of record for Mr. Arnone in the action from which the judgment was obtained.
Upon filing the entry of judgment, petitioner served an information subpoena and restraining notice on the respondents in an attempt to ascertain whether or not respondents were holding monies which are property of the judgment debtor, Mr. Ar-none, in an escrow account located at the respondent bank, Keybank National Association. To date, no answers to the information subpoena have been received by the petitioner’s counsel. Furthermore, property executions have been returned unsatisfied.
Petitioner contends that persons situated like Mr. Arnone, facing claims of creditors, make direct deposit of funds into an escrow account retained by the respondent, the Andrew F. Capoccia Law Center, L. L. C. Andrew F. Capoccia Law Center, L. L. C. uses the funds to pay settlements which they negotiate with the client’s creditors as well as respondent’s legal fees.
In support of their position, the Andrew F. Capoccia Law Center, L. L. C. maintains that the escrow account held by them on behalf of their client, Gaspere Arnone, falls within the purview of the attorney/client privilege. Additionally, they argue that the funds are not within the control of their client, and thus not attachable. We disagree.
As petitioner points out, the attorney/client privilege does not extend to the funds which are held in escrow. The attorney/ client privilege has been held to be inapplicable with respect to funds held by an attorney in escrow, because the attorney holds those funds in its capacity as an escrow agent rather than an attorney providing legal service or representation. (See, Art Bd. v Worldwide Bus. Exch. Corp., 134 Misc 2d 350; Randy Intl. v Automatic Compactor Corp., 97 Misc 2d 977.)
We concur with petitioner that funds which are placed in escrow accounts to fund a debt reduction program are not submitted for the purpose of seeking legal advice or services. We believe the funds in this case, which have been placed in an escrow account, are subject to attachment and execution. (See, Koroleski v Badler, 32 AD2d 810; Gala Enters. v Hewlett Packard Co., 970 F Supp 212.)
*145 The funds which are being held in escrow are intended for the payment of Mr. Arnone’s creditors. (See, Valerio v College Point Sav. Bank, 48 Misc 2d 91.) The petitioner has reduced its claim to a judgment and seeks to execute against the funds held by Capoccia. As such, petitioner is entitled to the sums held in escrow by the Andrew F. Capoccia Law Center, L. L. C. on behalf of Mr. Amone toward satisfaction of the judgment. Petitioner’s request for an order of contempt and costs is denied.