Robert M. Haft, J.
In these separate cases, joined hy the consent of the parties for the purposes of this motion, the individual defendants, officers of the respective corporate defendants, each move to quash subpoenas duces tecum requiring the production of specified motion picture films. The films had been viewed earlier by a Judge of this court who determined that there was reasonable cause to believe them obscene in violation of section 235.05 of the Penal Law. Accordingly, he issued summonses for the appearance of the two corporate defendants, arrest warrants for the three individual defendants and directed the issuance of the subpoenas here involved.
Defendants’ motion to quash is based on several grounds: (1) that no witness fees were tendered them upon the service of the subpoenas; (2) that a subpoena to produce film alleged to be obscene may never issue without a prior adversary hearing; and (3) that the compelled production of the allegedly obscene film — the “corpus delicti” — constitutes a violation of their privilege against self incrimination.
Defendants’ first two contentions are without substance. It is true that a witness fee must be tendered contemporaneously with the service of a subpoena in a civil case. (CPLR 2303.) In a criminal case, however, witness fees are paid after a witness appears in court, upon appropriate application. (GPL 610.50.) Assuming that defendants would be entitled to any witness fee for producing the subpoenaed property upon their required appearance as defendants in a criminal case (see Matter of Circle Floor Co. v. Siltan Corp., 36 Misc 2d 634 [Sup. Ct., Queens County, 1962]), there is certainly no entitlement to the fee at the time of the service of the subpoena. Second, an adversary hearing may be required in an obscenity prosecution prior to police seizure of an allegedly obscene film (cf. Bethview Amusement Corp. v. Cahn, 416 F. 2d 410 [2d Cir., 1969] and Astro Cinema Corp. v. Mackell, 422 F. 2d 293 [2d Cir., 1970] with People, v. Heller, 29 N Y 2d 319 [1971], cert, granted 406 U. S. 916 [1972]). But, here there was no seizure. Instead, the People followed the procedure (suggested hy the Second Circuit Court of Appeals in Bethview [supra] and in other circuits, see Metzger v. Pearcy, 393 F. 2d 202 [7th Cir., 1968] and United States v. Alexander, 428 F. 2d 1169 [8th Cir., 1970]) of issuing a subpoena instead of seizing the film. Clearly, no adversary hearing was required under these circumstances. (See, also, (People v. P. A. J. Theater Corp., 66 Misc 2d 373, affd. 70 Misc 2d 790 [App. Term, 1st Dept., 1972].)
*952 Turning to defendants’ third and primary contention, that their personal privilege against self incrimination was violated by the procedures employed by the prosecution in this case, that claim, too, is without merit. Defendants insist that although each subpoena names both an individual defendant and his respective corporation (in a parenthetical reference), the sub- /' poena should be construed as having been directed towards the individual only. The People argue that it was their intention / to subpoena the corporations by their respective officers, not the officers individually, and since there is no privilege against self incrimination which can be raised on behalf of a corporation (Hale v. Henkel, 201 U. S. 43 [1906]), defendants’ contention must be rejected.
As a matter of proper form, a corporate subpoena may either issue directly to a corporation itself or to the representative of the corporation who is the custodian of its records. (E.g., United States v. Held, 435 F. 2d 1361, 1365 [6th Cir., 1970]; Keiffe v. La Salle Realty Co., 163 La. 824 [Sup. Ct., La., 1927]; Wilson v. United States, 221 U. S. 361 [1911]; Shaughnessy v. Bacolas, 135 F. Supp. 15 [S. D. N. Y., 1955].) But even assuming that the individual defendants here were subpoenaed personally and not as representatives of their corporations, their privilege against self incrimination was not violated.
There is no longer any doubt, of course, that only testimonial incrimination is constitutionally protected. (E.g., Schmerber v. California, 384 U. S. 757 [1966]; United States v. Wade, 388 U. S. 218 [1967]; Breithaupt v. Abram, 352 U. S. 432 [1957]; Holt v. United States, 218 U. S. 245 [1910].) While the subpoenas here involved require defendants to produce certain films in court, their production solely is required, not testimony concerning them. Defendants argue that akin to testimonial compulsion is the forced production of a man’s personal or private papers and documents. This, too, for almost a century, has been a protected area. (Boyd v. United States, 116 U. S. 616 [1886]; see, also, People ex rel. Ferguson v. Reardon, 197 N. Y. 236 [1910].) But the papers to which the privilege attaches must be personal to the one claiming it. The constitutional guarantee against self incrimination offers no protection to the corporate officer who happens to have custody of his employer’s documents even though those documents may disclo'se Ms guilt. (Wilson v. United States, 221 U. S. 361, supra; United States v. White, 322 U. S. 694 [1944]; Dreier v. United States, 221 U. S. 394 [1911].) “ Since the privilege against self-incrimination is a purely personal one, it cannot be utilized by or on behalf *953 of any organization, such as a corporation * * * Moreover, the papers and effects which the privilege protects must be the private property of the person claiming the privilege, or at least in his possession in a purely personal capacity. ’ ’ (United States v. White, supra, p. 699.)
No claim has or can be made here that the property sought to be produced (the films) constitutes the personal property of the individual defendants. The officers therefore cannot bring themselves under the private books or papers- privilege. In addition, the defendants are met by still another insurmountable obstacle: motion picture film cannot be equated with or analogous to private papers or documents. They are indeed at opposite poles since the subpoenaed film was intended for and allegedly shown to theatregoers. By its nature the film is a public item not intended for the sole use of the defendants, as would be the case for private books or papers.
Defendants’ argument amounts to this: that an allegedly obscene movie shown by its owner to the public can neither be seized by the police without a prior determination of its obscenity nor can it be subpoenaed by the prosecution from the representative of the owner since that would violate his personal right not to have the film incriminate him. The argument is pure sophistry and must be rejected. The motions to quash the subpoenas are denied.