Loren N. Brown, J.
The defendant moves to dismiss the indictment against her on the grounds that she received transactional immunity pursuant to CPL 190.40. It is the defendant’s position that she was required to offer testimony, produce books and records before the Grand Jury without having executed a waiver of immunity. The defendant also asserts a secondary position that the Grand Jury proceeding was conducted in a manner prejudicial to her.
It is undisputed that upon the first appearance of the defendant before the Grand Jury she did, in fact, execute a valid waiver of immunity. The court finds that said waiver did not apply to any subsequent appearances, but was limited to her appearance and testimony on July 15, 1976. The language of the waiver which was received by the Grand Jury as People’s Exhibit No. 5, clearly limits the document to that date. The testimony of the defendant before the Grand Jury on July 15, 1976 was received under the aforesaid waiver of immunity.
Subsequently, on October 1, 1976, the defendant again appeared before the Grand Jury at which time she produced certain books and records. The real issue to be decided by the court is whether or not the defendant’s appearance on the later date, October 1, 1976, provided a basis for immunity under CPL 190.40 which provides in the pertinent parts as follows: "A witness who gives evidence in a grand jury proceeding receives immunity unless: * * * (c) The evidence given by the witness consists only of books, papers, records or other physical evidence of an enterprise, as defined in subdivision one of section 175.00 of the penal law, the production of which is required by a subpoena duces tecum, and the witness does not possess a privilege against self-incrimination with respect to the production of such evidence.”
The defendant was served with numerous subpoenas duces tecum and pursuant to the subpoenas she was compelled to produce the books and records of various corporations. The defendant evidently produced the books and records as directed. The defendant was an officer of at least one of the corporations whose books and records she produced. It is the defendant’s contention that this last fact is sufficient to give rise to the privilege against self incrimination. The court rejects that contention. "The constitutional guarantee against *255 self incrimination offers no protection to the corporate officer who happens to have custody of his employer’s documents even though those documents may disclose his guilt.” (People v Modern Amusement Co., 72 Misc 2d 950, 952.) In any event, it should be noted that none of the books and records produced by the defendant were received in evidence by the Grand Jury. Moreover, the papers and records which the privilege against self incrimination protects must be the private property of the person asserting the privilege or at least in his possession in a purely personal capacity. (United States v White, 322 US 694, 699.) It follows, therefore, that there was not an independent privilege against self incrimination upon which the defendant, Beverly Winney, could rely.
Lastly, although it is a fact that the defendant did testify on October 1, 1976 before the Grand Jury, her testimony was essentially identification testimony and did not entitle her to transactional immunity under CPL 190.40 (subd 2, par [c]). The motion of the defendant relative to the immunity issue is, in all respects, denied.