OPINION OF THE COURT
Loren N. Brown, J.
By order to show cause, and supporting affidavit, dated March 13, 1980, the defendant moves for an order quashing a certain subpoena duces tecum, dated March 5,1980.
The People have opposed the motion by a memorandum of law, dated March 14, 1980.
In regard to the defendant’s first contention, it is alleged that the subpoena has been misdirected because it was not properly directed "to a person” pursuant to CPL 610.10 but rather to the professional corporation of Demetrius Carassavas, M.D., P.C.
The court rejects that argument, and finds that the subpoena was properly directed to a person as defined by section 37 of the General Construction Law.
Next, the defendant alleges that the subpoena compels him to testify against himself in violation of his State and Federal constitutional rights.
The subpoena in question was, however, directed to a corporation, and it is settled law that one who has custody or control of the books or records of a corporation may not object to their production pursuant to a valid subpoena on the ground that the documents may tend to incriminate that individual personally. (People v Winney, 91 Misc 2d 253.)
The court recognizes that the particular corporation is a professional service corporation, and is, in fact, merely the alter ego of the defendant. However, the general rule has not been abrogated in regard to one-owner corporations (Grant v United States, 227 US 74), and no provision in the General Construction Law suggests a different rule should apply to professional service corporations.
The defendant’s grounds for quashing the subpoena, based on an alleged violation of the physician-patient relationship, *564 and the alleged invalidity of the search warrant resulting in this subpoena have been addressed and rejected by the court in its decision of November 19, 1979.
Finally, the defendant alleges that the subpoena is grossly overbroad and oppressive.
The scope of a subpoena duces tecum is sufficiently circumscribed when: "(1) the materials are relevant and evidentiary; (2) the request is specific; (3) the materials are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (4) the party cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and (5) the application is made in good faith and is not intended as a general 'fishing expedition’ ”. (People v Price, 100 Misc 2d 372, 379.)
The court is satisfied from examining the records that the material demanded is not overbroad under the guidelines suggested by Price (supra).
Accordingly, the defendant’s motion for quashal is, in all respects, denied.